CYNTHIA C. MADDOX v. FRIDAY'S, INC. AND STEPHEN E. HAYNER, D/B/A
FRIDAY'S, INC., D/B/A FRIDAY'S

No. 8518SC1320

(Filed 15 July 1986)

**Negligence § 57.6— fall caused by beer bottle on dance floor—summary judgment
inappropriate**

Summary judgment in favor of defendant was inappropriate in an action
to recover for injuries allegedly sustained by plaintiff when she stepped on a
beer bottle while dancing in defendant's restaurant and dance hall where the
evidence was conflicting on the issue of whether plaintiff was injured in de-
fendant's place of business; plaintiff's testimony that she did not see the bottle
before stepping on it did not establish her contributory negligence as a matter
of law; and defendant failed to show that plaintiff will be unable to prove that
defendant either put the offending bottle on the dance floor or that the bottle
was there long enough for defendant to discover and remove it in the exercise
of reasonable care.

APPEAL by plaintiff from *Rousseau, Judge*. Judgment en-
tered 9 September 1985 in Superior Court, GUILFORD County.
Heard in the Court of Appeals 7 May 1986.

*Hunter, Hodgman, Greene, Donaldson, Cooke & Elam, by
Richard M. Greene, for plaintiff appellant.*

*Frazier, Frazier & Mahler, by Harold C. Mahler, for defend-
ant appellees.*

PHILLIPS, Judge.

This appeal is from an order of summary judgment which dis-
missed plaintiff's suit to recover damages for injuries allegedly
sustained when she stepped on a beer bottle while dancing in de-
fendant's restaurant and dance hall. Defendant denied plaintiff's
principal allegations and pleaded plaintiff's contributory negli-
gence. The following principles of law are dispositive of the ap-
peal: The mere filing of a summary judgment motion requires

nothing whatever of the opponent; for the movant has the burden of clearly establishing the lack of any triable issue and that it is entitled to judgment as a matter of law. *Yount v. Lowe,* 288 N.C. 90, 215 S.E. 2d 563 (1975). A defendant who contends that the plaintiff is unable to prove an essential element of his case has the burden of establishing that inability; and until he does so the plaintiff is not required to show otherwise. *Hall v. Funderburk,* 23 N.C. App. 214, 208 S.E. 2d 402 (1974). The record plainly shows that the lack of any triable issue has not been established and that defendant is not entitled to judgment as a matter of law.

The evidence on which plaintiff's case was dismissed consists only of the discovery depositions of the plaintiff and defendant Hayner and plaintiff's affidavit. In pertinent part *plaintiff's deposition* and *affidavit* are to the following effect: On the evening involved while dancing in defendant's place of business she stepped upon a beer bottle that broke and cut her foot. The incident occurred after she had been dancing on the same three foot space for about ten or fifteen minutes and when she was in the process of turning around preparatory to leaving the dance floor. She did not see the bottle until the instant that her foot hit it and before then had not seen any other bottle or debris on the dance floor. She does not know how the bottle came to be on the floor or who placed it there. Stepping on the bottle is what attracted her attention to it and though the place was dimly lit she saw the bottle, which was standing on its base, without difficulty when she looked to see what her foot had contacted. A fragment of broken glass penetrated her foot near the strap on her shoe. She had her shoes on then and did not take them off until after she was injured. Some people dancing had beer bottles or glasses in their hands and there were bottles and glasses on a nearby book-case-like stand or cabinet. In pertinent part *defendant Hayner's deposition* is to the following effect: He knew plaintiff cut her foot that night but it occurred after she left the premises barefooted. Defendant had no rule against patrons dancing with beer bottles or glasses in their hands and many usually did so. It was not unusual for a glass or beer bottle to drop or fall to the dance floor and break and when that happened defendant's employees promptly cleaned the floor.

The case, pleadings, and rudimentary principles of negligence law being as they are plaintiff's action is dismissible only if the

foregoing evidence establishes either that plaintiff was not hurt on defendant's premises, or that defendant was not negligent on the occasion involved, or that plaintiff was contributorily negligent as a matter of law. The evidence establishes none of those things. On the issue of whether plaintiff was injured in defendant's place of business the evidence is conflicting and contradictory. On the contributory negligence issue while plaintiff's testimony that she did not see the bottle before stepping on it is sufficient to support a finding that she was contributorily negligent it certainly does not require such a finding as a matter of law since she had no notice that the place was unsafe and had a right to assume that defendant was not negligent. *Chaffin v. Brame*, 233 N.C. 377, 64 S.E. 2d 276 (1951). And on the negligence issue defendant presented no evidence whatever that it was not negligent and, for all intents and purposes, plaintiff presented none that it was. Apparently, the motion for summary judgment was made and granted because plaintiff failed to present evidence that defendant either put the offending beer bottle on the dance floor or that it was there long enough for defendant to discover and remove it in the exercise of reasonable care. While that is precisely what plaintiff must prove in order to establish defendant's negligence at *trial, Revis v. Orr*, 234 N.C. 158, 66 S.E. 2d 652 (1951), she was not required to present such evidence in the hearing below because she was not confronted with any evidence to the contrary. Nor did plaintiff's testimony exonerate defendant of fault, as it argues. Plaintiff testified only that *she* does not know when or how the bottle got on the dance floor; she did not testify, and was not asked to testify, that no one else knows when or how the bottle got on the floor. Thus, it is entirely possible that one or more of the many persons that were in the dance hall when plaintiff was injured can testify as to defendant's fault and it cannot be surmised that such evidence does not exist. *Burton v. Kenyon*, 46 N.C. App. 309, 264 S.E. 2d 808 (1980). In *Goode v. Tait, Inc.*, 36 N.C. App. 268, 243 S.E. 2d 404, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978), where plaintiff was unable to testify as to the defendant's negligence but it was possible that others could, the result was the same.

In reversing the order of dismissal we reiterate, however, that if plaintiff is in fact unable to produce evidence of defendant's negligence in accord with the rule laid down in *Revis*

*v. Orr, supra,* that pursuing the matter to trial would be a vain undertaking.

Reversed.

Judges MARTIN and PARKER concur.