**TREXLER v. K-MART CORP.**

[119 N.C. App. 406 (1995)]

CAROLYN DALE TREXLER, Plaintiff v. K-MART CORPORATION, Defendant

No. 9419SC123

(Filed 5 July 1995)

**Negligence § 140 (NCI4th)— slip and fall—failure of defendant to show premises inspected—summary judgment inappropriate**

In slip and fall cases where defendant moves for summary judgment, it is appropriate to place upon defendant the initial burden of gathering information about whether, when, and by whom the premises were last inspected prior to plaintiff's injury since defendant is in the superior position to acquire such information. Because defendant failed to come forward with such information in this case, the trial court erred in entering summary judgment for defendant.

**Am Jur 2d, Premises Liability §§ 29, 63.**

Appeal by plaintiff from order entered 16 November 1993 by Judge James M. Webb in Rowan County Superior Court. Heard in the Court of Appeals 4 October 1994; reconsidered per order dated 20 December 1994.

*Wallace & Whitley, by Michael S. Adkins, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson and Allen C. Smith, for defendant-appellee.*

WALKER, Judge.

Plaintiff instituted this civil action seeking damages for personal injuries she sustained when she slipped and fell in defendant's store on 18 August 1992. The trial court granted summary judgment for defendant.

The record before the trial court, which included the answers to interrogatories of both parties, a transcript of a recorded interview with plaintiff, and plaintiff's deposition, shows the following: On the afternoon of 18 August 1992, plaintiff was shopping in defendant's store and decided to try to locate the restroom. As she walked down the aisle where children's car seats were located, she slipped and fell. A customer standing about five feet away from plaintiff said that plaintiff had slipped in some water and sent for assistance. Plaintiff

TREXLER v. K-MART CORP.

[119 N.C. App. 406 (1995)]

stated that she did not know what she slipped on but that she would not have slipped unless there was something on the floor.

Defendant stated in its answers to interrogatories that it first became aware of the clear substance on the floor, which appeared to be water, after plaintiff fell. When asked to "[s]tate the date upon which the last inspection . . . of the premises where plaintiff fell was conducted by the defendant prior to August 18, 1992 and identify the person who performed the inspection," defendant responded:

> The exact time is unknown; however, a representative of management walks the aisles several times a day. Additionally, sales people are continually monitoring the aisles in their normal course of business.

North Carolina adheres to the principle that a store owner does not insure its patrons against slipping and falling. *See, e.g., Roumillat v. Simplistic Enterprises, Inc.,* 331 N.C. 57, 64, 414 S.E.2d 339, 343 (1992); *Hinson v. Cato's, Inc.,* 271 N.C. 738, 738, 157 S.E.2d 537, 538 (1967).

> In a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise "ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.,* 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963).

*Roumillat,* 331 N.C. at 64, 414 S.E.2d at 342. To hold the defendant proprietor liable, the plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence. *Roumillat,* 331 N.C. at 57, 414 S.E.2d at 342-43; *Hinson,* 271 N.C. at 739, 157 S.E.2d at 538. "When the unsafe condition is attributable to third parties or an independent agency, *plaintiff* must show that the condition 'existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in time to have removed the danger or [to have] given proper warning of its presence.' " *Roumillat,* 331 N.C. at 64, 414 S.E.2d at 343(emphasis in original) (*quoting Powell v. Deifells, Inc.,* 251 N.C. 596, 600, 112 S.E.2d 56, 58 (1960)).

Defendant contends that plaintiff "failed to meet her burden of proof" as she "could only speculate as to the alleged existence of any dangerous conditions and the length of time such alleged dangerous conditions may have existed" and therefore was unable to forecast evidence of an essential element of her claim, namely, that defendant knew or should have known of a dangerous condition. Defendant therefore contends that summary judgment was properly granted in its favor.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). All inferences of fact at the summary judgment hearing must be drawn against the moving party and in favor of the party opposing the motion. *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342 *(citing Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Summary judgment is rarely appropriate in negligence cases because "the rule of the prudent [person], or other applicable standard of care, must be applied, and ordinarily the jury should apply it under appropriate instructions from the court." *Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E.2d 137, 140 (1980); *see also Roumillat*, 331 N.C. at 69-70, 414 S.E.2d at 346 (J. Frye, dissenting) *(quoting Vassey, supra)*.

In negligence cases such as the instant one, defendants moving for summary judgment

> must carry the burden of establishing the lack of a genuine issue as to any material fact and their entitlement to judgment as a matter of law. . . . Defendants may meet their burden by (1) proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party (2) cannot produce evidence to support an essential element of his or her claim, or (3) cannot surmount an affirmative defense which would bar the claim. . . . "If the moving party fails in his showing, summary judgment is not proper regardless of whether the opponent responds."

*Bernick v. Jurden*, 306 N.C. 435, 440-41, 293 S.E.2d 405, 409 (1982) (citations omitted). *See also Roumillat*, 331 N.C. at 70, 414 S.E.2d at 346 (J. Frye, dissenting) (a plaintiff need not respond with a more detailed forecast of her evidence until the defendant meets its initial burden); *Emerson v. Tea Co.*, 41 N.C. App. 715, 721, 255 S.E.2d 768,

## TREXLER v. K-MART CORP.

[119 N.C. App. 406 (1995)]

773 ("Consideration of whether plaintiff offered evidence to support her claim in her deposition is improper when defendant has not produced sufficient evidence to defeat plaintiff's claim in its entirety and to show that defendant is entitled to judgment as a matter of law."), *rev. denied*, 298 N.C. 202 (1979) (not reported in S.E.2d); *Keith v. Kresge Co.*, 29 N.C. App. 579, 582, 225 S.E.2d 135, 137 (1976) (plaintiff had no burden to offer evidence in support of her claim "until defendant produced evidence of the necessary certitude to negate plaintiff's claim in its entirety and show they were entitled to judgment as a matter of law"); *Tolbert v. Tea Co.*, 22 N.C. App. 491, 494, 206 S.E.2d 816, 818 (1974) ("Where . . . the movant for summary judgment does not offer evidence to establish the absence of a genuine issue as to any material fact, summary judgment should be denied even though no opposing evidence is presented."), *disapproved on other grounds by Roumillat*, 331 N.C. 57, 414 S.E.2d 339 (1992).

In *Maddox v. Friday's, Inc.*, 82 N.C. App. 145, 345 S.E.2d 690 (1986), plaintiff was injured when she stepped on a glass bottle on the dance floor of defendant's establishment. The trial court granted summary judgment for defendant on plaintiff's negligence claim. *Id.* at 145, 345 S.E.2d at 690. Plaintiff's deposition and affidavit established that she did not see the bottle until her foot hit it; before then she had not seen any other bottle or debris on the floor. She did not know how the bottle came to be on the floor or who placed it there. Defendant's deposition showed that the establishment had no rule against patrons dancing with beer bottles or glasses in their hands and many usually did so. It was not unusual for a glass or beer bottle to drop or fall to the dance floor and break, and when this happened, defendant's employees promptly cleaned the floor. *Id.* at 146, 345 S.E.2d at 691.

The Court of Appeals reversed summary judgment for the defendant, stating:

> The mere filing of a summary judgment motion requires nothing whatever of the opponent; for the movant has the burden of clearly establishing the lack of any triable issue and that it is entitled to judgment as a matter of law. . . . A defendant who contends that the plaintiff is unable to prove an essential element of his case has the burden of establishing that inability; and until he does so the plaintiff is not required to show otherwise.

*Id.* at 145-46, 345 S.E.2d at 690-91 (citations omitted). In addressing the negligence issue, the Court found that

defendant presented no evidence whatever that it was not negligent and, for all intents and purposes, plaintiff presented none that it was. Apparently, the motion for summary judgment was made and granted because plaintiff failed to present evidence that defendant either put the offending beer bottle on the dance floor or that it was there long enough for defendant to discover and remove it in the exercise of reasonable care. While that is precisely what plaintiff must prove in order to establish defendant's negligence at *trial*, . . . she was not required to present such evidence in the hearing below because she was not confronted with any evidence to the contrary. Nor did plaintiff's testimony exonerate defendant of fault, as it argues. Plaintiff testified only that *she* does not know when or how the bottle got on the dance floor; she did not testify, and was not asked to testify, that no one else knows when or how the bottle got on the floor. Thus, it is entirely possible that one or more of the many persons that were in the dance hall when plaintiff was injured can testify as to defendant's fault and it cannot be surmised that such evidence does not exist.

*Id.* at 147, 345 S.E.2d at 691-92 (emphasis in original) (citations omitted).

Guided now by *Maddox* and the other cited authority, we hold that defendant, as the party moving for summary judgment, did not meet its initial burden of showing that plaintiff was unable to prove an essential element of her claim. Defendant did not testify that the time of the last inspection of the aisle where plaintiff fell was *unavailable* but only that such information was *"unknown."* Furthermore, defendant's statements that under its policy "a representative of management walks the aisles several times a day" and "sales people are continually monitoring the aisles in their normal course of business" are not sufficient to show at this stage that defendant was not negligent at the time of plaintiff's injury. Because defendant did not meet its burden of showing that plaintiff was unable to prove an essential element of her claim, plaintiff had no duty to come forward with a forecast of evidence to support her claim, and summary judgment in favor of defendant was improperly granted.

In cases like the instant one, where the defendant moves for summary judgment, it is appropriate to place upon the defendant the initial burden of gathering information about whether, when, and by

whom the premises was last inspected prior to the plaintiff's injury, since the defendant is in the superior position to acquire such information. Had defendant here met this initial burden, plaintiff would have had to come forward with a more detailed showing of evidence to support her claim.

Reversed.

Chief Judge ARNOLD and Judge MARTIN, MARK D. concur.