HERBERT A. WALLACE, PLAINTIFF-APPELLEE v. SCOTT E. JARVIS, D/B/A SCOTT E. JARVIS & ASSOCIATES, DEFENDANT-APPELLANT

No. COA94-1099

(Filed 18 July 1995)

**Appeal and Error § 89 (NCI4th)— statutory immunity claimed by defendant—right not jeopardized absent immediate appeal—appeal dismissed**

The trial court's denial of defendant's motion for summary judgment on plaintiff's slander and malicious prosecution claims did not deprive defendant of a substantial right, the right to claim immunity under N.C.G.S. § 84-28.2, which would be jeopardized absent an immediate appeal, and defendant's interlocutory appeal is therefore dismissed.

**Am Jur 2d, Appellate Review § 120.**

Appeal by defendant from order entered 18 July 1994 by Judge Claude S. Sitton in Buncombe County Superior Court. Heard in the Court of Appeals 26 May 1995.

*Baley, Baley & Clontz, P.A., by Stanford K. Clontz, for plaintiff-appellee.*

*Root & Root, P.L.L.C., by Allan P. Root, for defendant-appellant.*

WALKER, Judge.

Both parties are attorneys licensed to practice law in North Carolina. From July 1991 until February 1993, plaintiff was an associate in defendant's law office. A dispute arose as to whether plaintiff

was entitled to a portion of certain fees collected by defendant's law office. Shortly before plaintiff left defendant's employ, defendant contacted the North Carolina State Bar to report possible problems with plaintiff's physical and mental condition. By letter dated 15 February 1993, the Chairman of the State Bar's Grievance Committee informed plaintiff that a grievance had been filed by the State Bar concerning plaintiff. The letter was accompanied by a document entitled "Substance of Grievance" stating that "[t]he State Bar has received information suggesting that the respondent attorney may be disabled owing to a mental or physical condition. The respondent apparently has periods during which he is extremely forgetful and may be suffering from Alzheimer's." After receiving plaintiff's response to the letter, the State Bar informed plaintiff on 22 July 1993 that the Grievance Committee had dismissed the grievance with no finding of probable cause.

Plaintiff filed suit against defendant alleging causes of action for breach of contract, quantum meruit, slander, unfair trade practices, and malicious prosecution. Defendant denied liability and asserted that "[a]ny statement made by Defendant to the State Bar concerning Plaintiff is both conditionally and absolutely privileged and cannot be the basis for the finding of any liability of Defendant to Plaintiff." Defendant also counterclaimed for slander and intentional infliction of emotional distress. Both parties moved for partial summary judgment. On 18 July 1994, the trial court granted summary judgment in favor of plaintiff on defendant's counterclaim for intentional infliction of emotional distress and in favor of defendant on plaintiff's claims for quantum meruit and unfair trade practices. The court denied defendant's motion for summary judgment on plaintiff's claims for malicious prosecution and slander. Defendant appeals the denial of summary judgment on these claims.

The trial court's order does not completely dispose of the case and is thus interlocutory. *See Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). Ordinarily, there is no right to appeal an interlocutory order. *Id.* The purpose of this rule is " 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (quoting *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. rev. denied*, 315 N.C. 183, 337 S.E.2d 856 (1985)).

However, there are two means by which a party may appeal an interlocutory order. "First, if there has been a final disposition of at least one but fewer than all claims, the final disposition of those claims may be appealed if the trial judge in addition certifies that there is no just reason to delay the appeal." *Myers v. Barringer*, 101 N.C. App. 168, 172, 398 S.E.2d 615, 617 (1990). Second, if an interlocutory order " 'deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits,' " the order is immediately appealable. *Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253 (citation omitted).

"The denial of a motion for summary judgment is not a final judgment and is generally not immediately appealable, even if the trial court has attempted to certify it for appeal under Rule 54(b)." *Henderson v. LeBauer*, 101 N.C. App. 255, 264, 399 S.E.2d 142, 147, *disc. rev. denied*, 328 N.C. 731, 404 S.E.2d 868 (1991). Therefore, in order to immediately appeal, defendant here has the burden of showing that the trial court's order deprives him of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

In a footnote to his brief, defendant argues that he has a right to appeal based on this Court's holding in *Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993). In *Slade*, the defendants moved for summary judgment based on a claim of sovereign immunity, and the trial court denied the motion. *Id.* at 424-25, 429 S.E.2d at 745. This Court held that the defendants were entitled to an immediate appeal, reasoning that "[a] valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit." *Id.* at 425, 429 S.E.2d at 746. Thus, the Court stated, "[w]ere the case to be erroneously permitted to proceed to trial, immunity would be effectively lost." *Id.* Defendant here argues that his communication to the State Bar was absolutely privileged and he is therefore immune from suit on plaintiff's slander and malicious prosecution claims. He bases his claim of immunity on N.C. Gen. Stat. § 84-28.2 (1985), which provides in part:

Persons shall be immune from suit for all statements made without malice, and intended for transmittal to the North Carolina State Bar or any committee, officer, agent or employee thereof, or given in any investigation or proceedings, pertaining to alleged misconduct, incapacity or disability or to reinstatement of an attorney.

Defendant argues that he is entitled to an immediate appeal under *Slade* and cases from other jurisdictions because if plaintiff's slander and malicious prosecution claims are allowed to proceed to trial, defendant will in effect lose his immunity.

*Slade* is distinguishable from the instant case. *Slade* involves sovereign immunity, which is a " 'common law theory or defense established by [the] Court' to protect the sovereign or the State and its agents *from suit*." *Slade*, 110 N.C. App. at 426, 429 S.E.2d at 746 (citation omitted) (emphasis added). In contrast, the immunity claimed by defendant here is statutory in nature and is available to him if he satisfies all of the requirements of N.C. Gen. Stat. § 84-28.2. Thus, defendant would be immune from suit only if his communications to the State Bar were made without malice.

The trial court, in denying defendant's motion for summary judgment on plaintiff's slander and malicious prosecution claims, determined that plaintiff had presented sufficient evidence to go to the jury on the issue of whether defendant's statements to the State Bar were made with malice. Thus, on the record before us, we cannot conclude that defendant is entitled as a matter of law to immunity from suit under N.C. Gen. Stat. § 84-28.2. We therefore find that the trial court's denial of defendant's motion for summary judgment on plaintiff's slander and malicious prosecution claims did not deprive defendant of a substantial right which would be jeopardized absent an immediate appeal, and defendant's appeal must be dismissed.

Dismissed.

Judges COZORT and JOHN concur.