ROBERT ALLEN WILHELM, Plaintiff v. CITY OF FAYETTEVILLE, a municipal corporation, and GRANT THOMAS SMITH, Defendants

No. COA95-404

(Filed 5 December 1995)

### Municipal Corporations § 446 (NCI4th)— summary judgment based on partial governmental immunity—error

The trial court erred in granting defendant city's motion for summary judgment on grounds of partial governmental immunity up to the sum of $250,000 in plaintiff's action to recover for injuries from an automobile accident where defendant presented evidence that it was self-insured up to an amount of $250,000 and held liability insurance for amounts in excess of $250,000, since

defendant's evidence of partial immunity was not an affirmative defense, as it did not operate to bar plaintiff's claim but, at best, served only to mitigate the amount of damages defendant might incur.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 1, 37-41.**

Appeal by plaintiff from order granting summary judgment entered 13 December 1994 by Judge Patricia A. Timmons-Goodson in Cumberland County District Court. Heard in the Court of Appeals 13 November 1995.

*Hubert N. Rogers, III for plaintiff-appellant.*

*Robert C. Cogswell, Jr. for defendants-appellees.*

JOHNSON, Judge.

The following uncontroverted evidence was presented to the trial court: On 28 May 1991, plaintiff was operating an automobile on a public street in Fayetteville. Fayetteville Police Officer Grant Thomas Smith was on duty operating a patrol car when he drove through a flashing red light at an intersection at what plaintiff contends was an excessive rate of speed. The patrol car hit plaintiff's car and plaintiff suffered injuries as a result of the collision.

Plaintiff filed an action alleging negligence on the part of Officer Smith in Cumberland County District Court, alleging damages in excess of $10,000.00. Defendant Smith moved for a dismissal based on inadequate service of process. Defendant City of Fayetteville moved for summary judgment on grounds that plaintiff failed to state a claim upon which relief could be granted. The trial court allowed both motions. Plaintiff's appeal of the order is limited to the motion granting summary judgment in favor of defendant City of Fayetteville.

Defendant moved for summary judgment on the grounds of partial governmental immunity up to the sum of $250,000.00; the immunity waived for sums in excess of that amount. The trial court granted the motion based on plaintiff's failure to provide a forecast of evidence tending to demonstrate that his damages would be in an amount greater than the level of defendant's immunity. For the following reasons, we find that the trial court erred in granting defendant's motion for summary judgment.

WILHELM v. CITY OF FAYETTEVILLE

[121 N.C. App. 87 (1995)]

Municipalities are generally immune from suits for torts committed by its officers or employees while performing a governmental function. *Taylor v. Ashburn*, 112 N.C. App. 604, 436 S.E.2d 276 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). That immunity can be waived, however, by the purchase of liability insurance. North Carolina General Statutes § 160A-485(a) (1994). In the case before us, defendant presented evidence that it was self-insured up to an amount of $250,000.00, and held liability insurance for amounts in excess of $250,000.00. The method by which defendant was self-insured does not operate as a waiver of immunity, *see Blackwelder v. City of Winston-Salem*, 332 N.C. 319, 420 S.E.2d 432 (1992), therefore immunity was only waived for awards in excess of the self-insured amount.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The movant can meet this burden in one of two ways: (1) by showing that an essential element of the opposing party's claim is nonexistent; or (2) demonstrating that the opposing party cannot produce evidence sufficient to support an essential element of the claim or overcome an affirmative defense which would work to bar his claim. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). In the instant case, defendant offered no evidence that an essential element of the claim was nonexistent or unprovable, but limited its presentation to the existence of an insurmountable affirmative defense.

The moving party has the burden of showing that the opposing party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989). Once the moving party has met its burden, the opposing party must challenge the motion by forecasting sufficient evidence to illustrate the existence of a prima facie case for trial. *Roumillat*, 331 N.C. 57, 414 S.E.2d 339. However, it is improper for the trial court to consider whether the non-moving party offered evidence to support their claim when the moving party has failed to offer sufficient evidence to defeat the claim in its entirety and demonstrate that it is entitled to judgment as a matter of law. *Emerson v. Tea Co.*, 41 N.C. App. 715, 255 S.E.2d 768, *disc. review denied*, 298 N.C. 202. *See also, Trexler v. K-Mart Corporation*, 119 N.C. App. 406, 458 S.E.2d 720, *disc. review allowed*, 341 N.C. 424, 461 S.E.2d 769 (1995).

In the case before us, the transcript indicates that the trial court accepted defendant's presentation as an affirmative defense, then shifted the burden of responding to the motion to plaintiff. The trial court erred in so doing. Defendant's evidence of partial immunity is not an affirmative defense as defined by case law as it does not operate to *bar* plaintiff's claim. At best, the evidence of self-insurance up to an award of $250,000.00 serves only to mitigate the amount of damages defendant may incur. That amount is a question of material fact for the jury, and it cannot be said that plaintiff would fail to obtain an award greater than $250,000.00 as a matter of law. Therefore, because defendant failed to demonstrate either the nonexistence of an element of plaintiff's claim, or the existence of an insurmountable affirmative defense which would bar plaintiff's claim, the entry of summary judgment was improper.

For these reasons, we vacate the order of the trial court and remand this case for a trial on the merits.

Vacated and remanded.

Chief Judge ARNOLD and Judge MARTIN, JOHN C. concur.