JESSICA SIERRA HOPE ANDERSON BY AND THROUGH GUARDIAN AD LITEM JERRY H. JEROME, TAMMY ANDERSON AND HUSBAND, DALE ANDERSON, PLAINTIFFS v. TOWN OF ANDREWS AND COUNTY OF CHEROKEE, DEFENDANTS

No. COA98-1367

(Filed 4 May 1999)

**Appeal and Error— appealability—summary judgment—partial sovereign immunity**

An appeal from the denial of partial and total summary judgment for defendant-Town in an action arising from injuries suffered in a park was dismissed where defendant admitted the purchase of liability insurance in an amount less than that sought by plaintiffs, thereby establishing the Town's entitlement to only partial immunity. The rationale for allowing immediate appeal of the denial of summary judgment based upon sovereign immunity is the entitlement not to have to answer for conduct in a civil damages action, but partial immunity serves only to limit the damage award and does not operate as a bar to the claim.

Appeal by defendant Town of Andrews from order entered 20 August 1998 by Judge Forrest A. Ferrell in Cherokee County Superior Court. Heard in the Court of Appeals 26 April 1999.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Larry McDevitt and Michelle Rippon, for plaintiffs-appellees.*

*Roberts & Stevens, P.A., by Frank P. Graham and Sarah M. Washburn, for defendant-appellant Town of Andrews.*

SMITH, Judge.

This is defendant Town of Andrew's (hereinafter "defendant town") second interlocutory appeal in this matter. Those facts necessary for adjudication of the present appeal are as follows: Plaintiffs filed this action against defendants seeking damages from injuries suffered by plaintiff Jessica Sierra Hope Anderson while visiting a

park maintained by defendant Town of Andrews. Defendant town answered and moved to dismiss various paragraphs of the complaint under N.C.R. Civ. P. 12(b)(6). Defendant town also moved to dismiss the entire action under N.C.R. Civ. P. 19(b)(2) and (6) based upon sovereign immunity. When these motions were denied, defendant town appealed. This Court held that the trial court had properly denied defendant town's motion to dismiss the action since the complaint sufficiently alleged that the town had waived its sovereign immunity. *Anderson v. Town of Andrews*, 127 N.C. App. 599, 492 S.E.2d 385 (1997).

Subsequently, defendant town filed a "Request for Statement of Monetary Relief Sought by Plaintiff." Plaintiffs responded that plaintiff Jessica Anderson sought compensatory damages in the amount of five million dollars for lifetime care, and ten million dollars for pain, suffering, and disfigurement. Her parents, plaintiffs Tammy and Dale Anderson, sought compensatory damages in the amount of one million dollars for medical expenses, five hundred thousand dollars each for emotional distress, and approximately nine thousand dollars in lost wages to Mrs. Anderson, and approximately twenty-five thousand dollars in lost wages to Mr. Anderson. Thereafter, defendant town moved for partial summary judgment as to the issue of sovereign immunity based upon plaintiffs' statements regarding the monetary relief sought. Defendant town attached the affidavit of the Mayor of the Town of Andrews, Jim Dailey, wherein he admitted that the town "carried a $1 million insurance policy with the Hartford Insurance carrier[.]" Also attached was an affidavit of Town Consultant Robert Gardner, which indicated that the pool area was not open to the public and that no non-governmental activities were being conducted during the summer of 1994. At the hearing on the motion, defendant town also moved for total summary judgment on the ground that plaintiffs have failed to prove an essential element of their negligence claims. By order entered 20 August 1998, defendant town's motion for partial and total summary judgment was denied. Defendant purports to appeal from this order.

It is well settled that an order denying a motion for summary judgment is interlocutory, and therefore, is not generally immediately appealable. *Wallace v. Jarvis*, 119 N.C. App. 582, 584, 459 S.E.2d 44, 46, *disc. review denied*, 341 N.C. 657, 462 S.E.2d 527 (1995). The purpose of this rule is " 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *Jeffreys v.*

*Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (quoting *Fraser v. Di Santi,* 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied,* 315 N.C. 183, 337 S.E.2d 856 (1985)). A party may, however, be entitled to immediate appellate review, even in instances where the trial court has not provided certification under N.C.R. Civ. P. 54, where the order potentially works injury to a substantial right. *Troy v. Tucker,* 126 N.C. App. 213, 215, 484 S.E.2d 98, 99 (1997) (citing N.C. Gen. Stat. § 7A-27(d)(1)). This Court has previously held that "the denial of a summary judgment motion on the grounds of sovereign and qualified immunity is an exception to the rule and is immediately appealable." *Davis v. Town of Southern Pines,* 116 N.C. App. 663, 674, 449 S.E.2d 240, 247 (1994), *disc. review denied,* 339 N.C. 737, 454 S.E.2d 648 (1995). In *Epps v. Duke University,* the Court explained its rationale for allowing immediate appellate review in such cases: "We allow interlocutory appeals in these situation because 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.'" 122 N.C. App. 198, 201, 468 S.E.2d 846, 849 (citations omitted), *disc. review denied,* 344 N.C. 436, 476 S.E.2d 115 (1996). The presence of such entitlement is noticeably absent in cases involving partial immunity. Notably, partial immunity "does not operate to bar [a] plaintiff's claim," it serves only to limit the damage award recoverable from a defendant. *Wilhelm v. City of Fayetteville,* 121 N.C. App. 87, 90, 464 S.E.2d 299, 301 (1995).

In the instant case, this Court has previously held that plaintiffs had sufficiently pled waiver of sovereign immunity by the purchase of liability insurance. *Anderson,* 127 N.C. App. 599, 492 S.E.2d 385. Moreover, defendant town has admitted to the purchase of liability insurance in the amount of one million dollars, thereby establishing defendant town's entitlement to only partial immunity. As this Court has previously held that partial immunity only limits the possible award recoverable from defendant town, and does not bar plaintiffs' claims entirely, *Wilhelm,* 121 N.C. App. at 90, 464 S.E.2d at 301, the necessity for immediate appellate review is lacking in this case.

In sum, since defendant town cannot show the affectation of a substantial right, this appeal is dismissed.

Dismissed.

Judges GREENE and WALKER concur.