DAVID N. SNYDER, Administrator of the Estate of Timothy C. Snyder, Plaintiff v.
LEARNING SERVICES CORPORATION, and E.J. HARRILL, Defendants

No. COA07-98

(Filed 4 December 2007)

**Appeal and Error— appealability—denial of summary judgment—qualified immunity**

An appeal was dismissed as interlocutory where defendants' motion for summary judgment based on statutory immunity was denied. Defendants were not entitled to the qualified immunity offered by the statute, N.C.G.S. § 1222C-210.1, as a matter of law, and the denial of their motion for summary judgment did not deprive them of a substantial right.

Appeal by defendants from order entered 2 October 2006 by Judge J.B. Allen, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 11 September 2007.

*Kirby & Holt, L.L.P., by David F. Kirby, Laurie G. Armstrong, and William B. Bystrynski, for plaintiff-appellee.*

*Cranfill, Sumner, & Hartzog, L.L.P., by H. Lee Evans, Jr., Jaye E. Bingham, and Katherine Hilkey-Boyatt, for defendants-appellants.*

WYNN, Judge.

In general, statutory immunity is "available to [a defendant] if he satisfies all of the [statutory] requirements."[1] Here, the defendants claim qualified immunity under North Carolina General Statutes § 122C-210.1, which is available for one "who follows accepted professional judgment, practice, and standards."[2] Because

---

1. *Wallace v. Jarvis*, 119 N.C. App. 582, 585, 459 S.E.2d 44, 46, *disc. review denied*, 341 N.C. 657, 462 S.E.2d 527 (1995).

2. N.C. Gen. Stat. § 122C-210.1 (2005); *see also Alt v. Parker*, 112 N.C. App. 307, 313-14, 435 S.E.2d 773, 777 (1993), *cert. denied*, 335 N.C. 766, 442 S.E.2d 507 (1994).

we find that a question of fact remains as to whether the defendants followed accepted professional judgment, practices, and standards, we conclude that they are not entitled to qualified immunity as a matter of law.

Sometime after dark on 31 January 2004, Timothy Snyder wandered away from Defendant Learning Services Corporation's rehabilitation center in Durham County. He was found dead of hypothermia a few blocks away on 5 February 2004.

Thereafter, Plaintiff David Snyder, Timothy Snyder's brother, brought a wrongful death action against Learning Services and E. J. Harrill, its former co-Chief Operating Officer at its Durham location, on 31 May 2005. In his complaint, Mr. Snyder alleged negligence, gross negligence, willful and wanton conduct supporting punitive damages, premises liability, and corporate negligence. Ms. Harrill was named only in the negligence claim.

On 1 August 2005, Learning Services and Ms. Harrill filed their answer and a motion to dismiss under Rule 12(b)(6). Learning Services claimed it was entitled to immunity from Mr. Snyder's claim under North Carolina General Statutes § 122C-210.1; however, the trial court denied the motion to dismiss on 4 April 2006. Defendants then filed a motion for summary judgment on 8 September 2006, again arguing that they were entitled to immunity under Section 122C-210.1 because Mr. Snyder had failed to allege conduct rising to the level of grossly negligent, willful, or wanton. Defendants further argued that Mr. Snyder's claim for punitive damages should fail because he had not offered evidence that the Learning Services employees, officers, directors, or managers had participated in or condoned willful or wanton conduct, as required by North Carolina General Statutes § 1D-15(a).

The trial court denied Defendants' motion for summary judgment and partial summary judgment on 2 October 2006. Defendants appeal to this Court, acknowledging that they are appealing an interlocutory order and arguing that the trial court erred as a matter of law in finding that Mr. Snyder has shown facts sufficient to overcome the immunity that would otherwise be afforded to Learning Services under Section 122C-210.1.

At the outset, this Court must address the issue of whether this appeal may be heard, as Defendants are appealing an interlocutory order denying summary judgment and partial summary judgment.

Denial of summary judgment is interlocutory because it is not a judgment that "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Nevertheless, Defendants contend that the trial court's order affected a substantial right, and thus, under N.C. Gen. Stat. §§ 1-277 and 7A-27(d), this Court has jurisdiction to consider the interlocutory appeal.

A "substantial right" is one "affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Oestreicher v. American Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976). Defendants rely upon a prior holding of this Court that "[t]he denial of a motion for summary judgment based on the defense of qualified immunity does affect a substantial right and is immediately appealable." *Gregory v. Kilbride*, 150 N.C. App. 601, 615, 565 S.E.2d 685, 695 (2002), *disc. review denied*, 357 N.C. 164, 580 S.E.2d 365 (2003).

The *Gregory* panel cited to *Rousselo v. Starling*, 128 N.C. App. 439, 495 S.E.2d 725, *appeal dismissed and review denied*, 348 N.C. 74, 505 S.E.2d 876 (1998), for that proposition. However, *Rousselo* involved a substantial right being implicated with respect to qualified immunity in the narrow context of a section 1983 case, not any instance in which qualified immunity has been implicated as an affirmative defense. *See id.* at 443, 495 S.E.2d at 728 ("[W]hen a motion for summary judgment based on immunity defenses to a section 1983 claim is denied, such an interlocutory order is immediately appealable before final judgment.") (quoting *Corum v. Univ. of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 86 L. Ed. 2d 411 (1985)), *reh'g denied*, 331 N.C. 558, 418 S.E.2d 664, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992)).

We note too that the statement in *Gregory* was dicta and therefore not binding on other panels of this Court. When stating that "[t]he denial of a motion for summary judgment based on the defense of qualified immunity does affect a substantial right and is immediately appealable[,]" *Gregory*, 150 N.C. App. at 615, 565 S.E.2d at 695, the Court also observed that "[i]mproper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts,

either judge or jury." *Id.* (citation omitted). Thus, although the Court's statement as to a substantial right suggested that the defendant in *Gregory* could, and should, have immediately appealed the interlocutory order denying his motion for summary judgment, it was not the basis of the Court's holding and, as such, is not binding precedent.

Nevertheless, we are presented with the question as to what types of qualified immunity should be considered to implicate a "substantial right," such that an interlocutory order is immediately appealable. We find this Court's decision in *Wallace v. Jarvis*, 119 N.C. App. 582, 459 S.E.2d 44, *disc. review denied*, 341 N.C. 657, 462 S.E.2d 527 (1995), to be an analogous situation and instructive in deciding this issue.

In *Wallace*, an attorney filed a grievance with the North Carolina State Bar concerning a former associate with his firm, alleging that he "may be disabled owing to a mental or physical condition." *Id.* at 583, 459 S.E.2d at 45. The former associate later sued for malicious prosecution, slander, and other claims, and the trial court denied the defendant-attorney's motion for summary judgment. *Id.*, 459 S.E.2d at 46. The defendant-attorney appealed the denial of the motion, arguing that he was entitled to immunity from suit because his communication to the State Bar was statutorily privileged. *Id.* at 584, 459 S.E.2d at 46. The statute in question read:

> Persons shall be immune from suit for all statements made without malice, and intended for transmittal to the North Carolina State Bar or any committee, officer, agent or employee thereof, or given in any investigation or proceedings, pertaining to alleged misconduct, incapacity or disability or to reinstatement of an attorney.

N.C. Gen. Stat. § 84-28.2 (1985).

In its opinion, this Court distinguished between sovereign immunity and statutory immunity, the latter of which would be "available to [defendant] if he satisfies all of the [statutory] requirements." *Wallace*, 119 N.C. App. at 585, 459 S.E.2d at 46. Because the trial court determined that the plaintiff had presented evidence sufficient for a jury to decide the question of fact as to whether the defendant had acted with malice, we concluded that the defendant was not entitled to immunity as a matter of law. As such, the denial of his motion for summary judgment did not deprive him of a substantial right, and we dismissed his appeal as interlocutory. *Id.*, 459 S.E.2d at 47.

Here, similar to the qualified immunity outlined for attorneys in *Wallace*, North Carolina General Statute § 122C-210.1 states in pertinent part:

> No facility or any of its officials, staff, or employees, or any physician or other individual who is responsible for the custody, examination, management, supervision, treatment, or release of a client and *who follows accepted professional judgment, practice, and standards* is civilly liable, personally or otherwise, for actions arising from those responsibilities or for actions of the client. This immunity . . . applies to actions performed in connection with, or arising out of, the admission or commitment of any individual pursuant to this Article [Article 5, Procedures for Admission and Discharge of Clients, under Chapter 122C, Mental Health, Developmental Disabilities, and Substance Abuse Act of 1985].

(Emphasis added). Under North Carolina law, "[c]laims based on ordinary negligence do not overcome . . . statutory immunity" pursuant to Section 122C-210.1; a plaintiff must allege gross or intentional negligence. *Cantrell v. United States*, 735 F. Supp. 670, 673 (E.D.N.C. 1988); *see also Pangburn v. Saad*, 73 N.C. App. 336, 347, 326 S.E.2d 365, 372 (1985) ("We therefore conclude that G.S. Sec. 122-24 [the precursor to N.C. Gen. Stat. § 122C-210.1] was intended to create a qualified immunity for those state employees it protects, extending only to their ordinary negligent acts. It does not, however, protect a tortfeasor from personal liability for gross negligence and intentional torts."). Nevertheless, as found by this Court, N.C. Gen. Stat. § 122C-210.1 offers only a qualified privilege, meaning that, "so long as the requisite procedures were followed and the decision [on how to treat the patient] was an exercise of professional judgment, the defendants are not liable to the plaintiff for their actions." *Alt v. Parker*, 112 N.C. App. 307, 314, 435 S.E.2d 773, 777 (1993), *cert. denied*, 335 N.C. 766, 442 S.E.2d 507 (1994).

In his complaint, Mr. Snyder alleged facts that Learning Services and Ms. Harrill had violated "accepted professional judgment, practice and standards." Moreover, during discovery, the investigative report from the North Carolina Division of Facility Services (NCDFS), the licensing and investigative arm for mental health facilities in North Carolina, was submitted with its findings that Learning Services had failed to adequately supervise Timothy Snyder. NCDFS further concluded that Learning Services was guilty of a Type A vio-

lation, one that results in death or serious physical harm, fined Learning Services, and ordered the center to make immediate corrections. Finally, Mr. Snyder's complaint was certified by an expert under N.C. Rule of Civil Procedure 9(j) that the medical care outlined in the complaint did not comply with the applicable standard of care.

As in *Wallace*, Mr. Snyder has offered evidence sufficient to create a question of fact for a jury to decide whether Defendants Learning Services and Ms. Harrill followed "accepted professional judgment, practice and standards," within the meaning of N.C. Gen. Stat. § 122C-210.1, in their treatment of Timothy Snyder. Thus, Defendants were not entitled to qualified immunity as a matter of law, and the denial of their motion for summary judgment did not deprive them of a substantial right. Accordingly, we dismiss their appeal as interlocutory.

Dismissed.

Judges HUNTER and JACKSON concur.