An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority.  Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-34

Filed: 6 October 2015

Mecklenburg County, No. 13 CVS 10624

JHONNY A. DELGADO, Plaintiff,

v.

LESLIE PETRUK, STEPPING STONES COUNSELING AND CONSULTING OF CHARLOTTE, PLLC, and THE STONE CENTER FOR COUNSELING AND LEADERSHIP, PLLC, Defendants.

Appeal by defendants from Order entered 25 September 2014 by Judge Eric L. Levinson in Mecklenburg County Superior Court.  Heard in the Court of Appeals 12 August 2015.

*HORACK, TALLEY, PHARR & LOWNDES, P.A., by Kimberly Sullivan, for plaintiff.*

*DAVIS AND HAMRICK, L.L.P., by Jason L. Walters, for defendants.*

ELMORE, Judge.

Jhonny A. Delgado (plaintiff) filed a complaint against Leslie Petruk (Petruk), Stepping Stones Counseling and Consulting of Charlotte, PLLC, and The Stone Center for Counseling and Leadership, PLLC (together defendants) on 13 June 2013

alleging three causes of action: (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; and (3) punitive damages.

Defendants filed a motion for summary judgment on 11 July 2014 arguing, "The North Carolina General Statutes require that suspicion of child abuse be reported to the county department of social services. The statutes further provide for immunity from any civil liability provided that the person was acting in good faith. By statute, good faith is presumed." The trial court denied defendants' motion for summary judgment by the Order entered on 25 September 2014, stating, "[I]t appear[s] that there are genuine issues of material fact[.]" Defendants filed a notice of appeal on 3 October 2014. Plaintiff filed a motion to dismiss the appeal, stating that defendants are appealing from an interlocutory order that does not affect a substantial right. After careful consideration and consistent with plaintiff's motion, we conclude that defendants' appeal has been taken from an unappealable interlocutory order and is not properly before us.

## I. Background

Plaintiff and Jessica Wright's (Wright) five-year-old daughter, S.D.W., began attending play therapy sessions at Stepping Stones in March 2010 to treat a sensory processing disorder. On two occasions, in April and May 2010, Andrea Miller (Miller), a licensed counselor and registered play therapist, observed S.D.W. "insert objects in the anal opening of a doll." Miller interpreted these actions as "sexualized play" and

scheduled a meeting for further evaluation on 15 June 2010 with S.D.W.'s mother, Wright. Miller did not request that plaintiff attend the meeting. Miller e-mailed plaintiff that same day "to set up a time to talk on the phone regarding [S.D.W.'s] progress[.]"

After speaking with Wright, Miller determined that S.D.W. should meet with Miller's co-worker, Petruk, for further evaluation regarding concerns of sexual abuse because Petruk has experience doing "forensic interviews with abused children." The next day, Miller asked S.D.W. to draw a picture of a person, and S.D.W. drew the picture but "left the midriff showing with her belly button exposed." Miller noted that this is not "age-appropriate" and "indicate[s] more concern."

On 17 June 2010, Petruk conducted a forensic interview with S.D.W. where S.D.W. "eventually stated that her dad had touched her." Petruk asked S.D.W. to repeat the disclosure to Wright. Later, S.D.W. inserted a wand in a doll's vaginal opening and held it up and said, "Look, she's a scarecrow." After the interview, Wright called the Mecklenburg County Department of Social Services (DSS) to report what S.D.W. revealed. A DSS case worker instructed Wright that S.D.W. should have no contact with plaintiff pending the investigation. S.D.W. "was seen by [a] social worker but not interviewed due to complications that arose from [the] child already being interviewed by a forensic interviewer that works with the child's therapist."

On 22 June 2010, Wright filed a motion for temporary emergency custody and sole custody of S.D.W. DSS opened an investigation and referred S.D.W. to Pat's Place Child Advocacy Center for evaluation and to Levine Children's Hospital for a physical evaluation. On 4 August 2010, Levine Children's Hospital found a normal genital and rectal exam, and Pat's Place and DSS determined that the report of abuse was unsubstantiated. DSS closed the case on 5 August 2010 and its report disposed of the case as "service no longer needed" with the following rationale:

> The techniques utilized by the therapist to conduct a forensic interview are questionable. Her notes were examined by Pats Place and many concern[s] were noted about the techniques, question sets, and use of anatomical dolls. The child did have a forensic interview at Pats Place and denies any inappropriate touching. There is no evidence at this time to support a finding for sexual abuse. The case will be unsubstantiated and closed.

Wright requested that DSS review the case again, but DSS decided that the case would remain closed. As part of plaintiff and Wright's custody battle, the Honorable Judge Jena Culler ordered an evaluation of S.D.W. on 8 March 2012 to address whether she had ever been sexually abused. As a result, the director and assistant director of the University of North Carolina School of Medicine Program on Childhood Trauma issued a twenty-four page report on 30 July 2012, stating, "Taken as a whole, we do not believe the evidence supports a conclusion that [S.D.W.] was sexually abused by her father." In their conclusions, they noted several reasons why assessing the allegations had been difficult:

> The interview conducted by Leslie Petruk during which [S.D.W.] initially reported sexual abuse failed to meet minimal forensic standards. Specifically, highly suggestive questioning was used, anatomical dolls were misused, and the interview setting and structure encouraged play and fantasy.

They also stated, "[W]e recommend a gradual and deliberate process to restore [S.D.W.]'s and her father's relationship that keeps both the child and parent safe."

Plaintiff filed a complaint on 13 June 2013 alleging three causes of action: (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; and (3) punitive damages. Defendants answered the complaint on 12 August 2013 asserting as a defense that they had an affirmative duty to report abuse under N.C. Gen. Stat. § 7B-301 (2013). Defendants further stated that under N.C. Gen. Stat. § 7B-309 (2013), they are immune from liability because anyone who makes a report pursuant to that Article is immune from liability provided that the person was acting in good faith and good faith is presumed. Thus, defendants claim that the statutes cited above bar any recovery by plaintiff, and the trial court erred in denying their motion for summary judgment.

## II. Analysis

Defendants admit that the question of whether this particular statutory immunity is a substantial right, and the denial of the motion for summary judgment affects a substantial right, appears to be one of first impression for this Court. Defendants state, however, that the statutory immunity here is analogous to

governmental or sovereign immunity and, thus, an order regarding the immunity is immediately appealable. They claim that the immunity is more than an affirmative defense; rather it completely bars any type of recovery. For the reasons discussed below, we disagree.

A. Interlocutory Order

"Denial of summary judgment is interlocutory because it is not a judgment that 'disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.'" *Snyder v. Learning Servs. Corp.*, 187 N.C. App. 480, 482, 653 S.E.2d 548, 550 (2007) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950)). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). N.C. Gen. Stat. § 7A-27(b)(3) (2013) and N.C. Gen. Stat. § 1-277(a) (2013) provide exceptions to the general rule for orders or judgments that affect a substantial right. A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983).

"[F]or an interlocutory order to be immediately appealable, it must: (1) affect a substantial right and (2) work injury if not corrected before final judgment." *Goldston*, 326 N.C. at 728, 392 S.E.2d at 737 (citing *Investments v. Housing, Inc.*, 292

N.C. 93, 100, 232 S.E.2d 667, 672 (1977)). "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803–04 (2002) (citing *McCallum v. N.C. Coop. Extensive Serv.*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 231 (2001)). "The burden to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order is on the appellant." *Id.* at 625, 566 S.E.2d at 804 (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). "Our courts have generally taken a restrictive view of the substantial right exception." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citing *Blackwelder*, 60 N.C. App. at 334, 299 S.E.2d at 780).

"[I]f the defense of governmental immunity is asserted as grounds for the summary judgment motion, the denial of the motion has been held to affect a substantial right, and the order is immediately appealable[.]" *Hallman v. Charlotte-Mecklenburg Bd. of Educ.*, 124 N.C. App. 435, 437, 477 S.E.2d 179, 180 (1996) (citing *Hickman v. Fuqua*, 108 N.C. App. 80, 82, 422 S.E.2d 449, 450 (1992)). "As a general rule, the doctrine of governmental, or sovereign immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity.*"* *Lucas v. Swain Cty. Bd. of Educ.*, 154 N.C. App. 357, 361, 573 S.E.2d 538, 540 (2002) (internal quotation marks and citation omitted). "According to well-established North Carolina law, governmental immunity is an immunity from suit rather than a

mere defense to liability[.]" *Doe v. Charlotte-Mecklenburg Bd. of Educ.*, 222 N.C. App. 359, 363, 731 S.E.2d 245, 248 (2012) (internal quotation marks and citations omitted).

B. Statutory Immunity v. Sovereign or Governmental Immunity

Plaintiff contends that defendants "must prove as a matter of law that they meet all of the statutory requirements of N.C.G.S. § 7B-309 in order to receive statutory immunity." Plaintiff maintains that because defendants have failed to meet this burden, they have not proven that a substantial right is affected. Therefore, plaintiff argues that the order denying defendant's motion for summary judgment is not immediately appealable.

Defendants maintain that the statutory immunity claimed here affects a substantial right because it is more than an affirmative defense. Instead, defendants claim it completely bars any type of recovery.

The statutes in question include: N.C. Gen. Stat. § 7B-301, titled, "Duty to report abuse, neglect, dependency, or death due to maltreatment," and N.C. Gen. Stat. § 7B-309, titled, "Immunity of persons reporting and cooperating in an assessment."

Section 7B-301(a) provides,

> Any person or institution who has cause to suspect that any juvenile is abused, neglected, or dependent, as defined by G.S. 7B-101, or has died as the result of maltreatment, shall report the case of that juvenile to the director of the department of social services in the county where the juvenile resides or is found.

N.C. Gen. Stat. § 7B-301(a) (2013).  Section 7B-309 states,

> Anyone who makes a report pursuant to this Article, cooperates with the county department of social services in a protective services assessment, testifies in any judicial proceeding resulting from a protective services report or assessment, or otherwise participates in the program authorized by this Article, is immune from any civil or criminal liability that might otherwise be incurred or imposed for that action provided that the person was acting in good faith.  In any proceeding involving liability, good faith is presumed.

N.C. Gen. Stat. § 7B-309 (2013).

At the heart of defendants' appeal is their argument that for appealability purposes statutory immunity is the equivalent of governmental immunity, and without an immediate appeal they lose the benefit of immunity.  Defendants' argument, however, is not supported by case law.  Defendants cite to *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 678 S.E.2d 351 (2009), where the defendant-Board of Education raised "the complete defense of government immunity," which our Supreme Court reiterated "is more than a mere affirmative defense, as it shields a defendant entirely from having to answer for its conduct at all in a civil suit for damages."  *Id.* at 337, 678 S.E.2d at 354.  Neither *Craig* nor any case cited by defendants state that *statutory* immunity is afforded the same shield as *governmental* immunity.

Plaintiff cites to *Wallace v. Jarvis*, 119 N.C. App. 582, 585, 459 S.E.2d 44, 47

(1995), to show that defendants have failed to meet the statutory requirements for immunity as a matter of law. In *Wallace*, the defendant, an attorney, contacted the North Carolina State Bar to report possible problems with the plaintiff, an associate attorney at the defendant's law firm. *Id.* at 583, 459 S.E.2d at 45. The plaintiff filed suit alleging, among other things, slander and malicious prosecution. *Id.* The defendant moved for summary judgment, and the trial court denied his motion. *Id.* at 583, 459 S.E.2d at 45–46. The defendant appealed, arguing that "his communication to the State Bar was absolutely privileged and he is therefore immune from suit" based on statutory immunity. *Id.* at 584, 459 S.E.2d at 46. The defendant relied on *Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993), where this Court held that the defendants were entitled to an immediate appeal from a denial of summary judgment because "[a] valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit." *Wallace*, 119 N.C. App. at 584, 459 S.E.2d at 46 (quoting *Slade*, 110 N.C. App. at 425, 429 S.E.2d at 746) (quotation marks omitted).

The *Wallace* Court distinguished *Slade*, however, stating, "*Slade* involved sovereign immunity, which is a common law theory or defense established by [the] Court to protect the sovereign or the State and its agents from suit." *Id.* at 585, 459 S.E.2d at 46 (quoting *Slade*, 110 N.C. App. at 426, 429 S.E.2d at 746) (quotation marks omitted). But in *Wallace*, the immunity claimed by the defendant was

"statutory in nature and is available to him if he satisfies all of the requirements of N.C. Gen. Stat. § 84-28.2. Thus, defendant would be immune from suit only if his communications to the State Bar were made without malice." *Id.* at 585, 459 S.E.2d at 46–47. This Court dismissed the defendant's appeal as not affecting a substantial right, stating, "[W]e cannot conclude that defendant is entitled as a matter of law to immunity from suit under [the statute]." *Id.* at 585, 459 S.E.2d at 47.

Here, like in *Wallace*, we must dismiss the appeal as not affecting a substantial right because we cannot conclude that defendants are entitled to immunity as a matter of law under N.C. Gen. Stat. § 7B-309. Although in defendants' motion for summary judgment they assert that they are entitled to statutory immunity based on the presumption of good faith, they have failed to satisfy the statutory requirements as a matter of law that must first be met before reaching the good faith analysis.

## III. Conclusion

Defendants are not entitled to statutory immunity as a matter of law because there are genuine issues of material fact surrounding whether they are shielded from liability. Therefore, the denial of defendants' summary judgment motion did not affect a substantial right entitling them to an immediate right of appeal. We dismiss defendants' appeal as it has been taken from an unappealable interlocutory order.

DISMISSED.

Judge CALABRIA concurs.

Judge DILLON concurs in the result.

Report per Rule 30(e).