39927. STATE HIGHWAY DEPARTMENT v. KING.

DECIDED JANUARY 16, 1963.

*Eugene Cook, Attorney General, Carter Goode, Richard L. Chambers, Assistant Attorneys General, Ernest McDonald,* for plaintiff in error.

*McCamy, Minor & Vining, Carlton McCamy,* contra.

EBERHARDT, Judge. The State Highway Department selected John Planzer as its assessor in a condemnation proceeding against J. E. King. Two other assessors were regularly selected, and after hearing evidence as contemplated by the three-assessor

statute. Planzer joined with the others in making an award of $12,500 for the lands taken and for consequential damages. On appeal to a jury in the superior court Planzer was called as a witness and he testified that in his opinion the consequential damages amounted to approximately $50,000. The condemnor offered in evidence the oath which the witness had signed as an assessor "to do equal and exact justice between the parties according to law" (*Code* § 36-403), and his signature to the award of $12,500 for the purpose of impeachment. Planzer testified, in explanation, "Well, I would like to make it clear on that, if the court will allow me. On that particular thing there, I was of the opinion at the time that [the award] was signed, that that was satisfactory to [the condemnee] or I would not have signed it. I was down there representing the State and I was sent down there by the State and not by Mr. King or anyone else, other than the State."

Planzer did not *testify* before the assessors when the hearing was held. Rather, it appears that when the other assessors were willing to make an award of $12,500, he, feeling it his duty as an assessor for the State to hold the award down rather than to try to raise it in amount, readily agreed to and did join with them. He may have had an erroneous concept of his duty, but nothing here indicates any wilful or conscious purpose on the part of Planzer to give false testimony on the trial before the jury or that he had at any time previously testified in the same case to a state of facts contradictory to his testimony upon the present trial. Thus, we find no error in the failure of the court, without request, to charge relative to the matter of a witness who swears "wilfully and knowingly falsely" as provided in *Code* § 38-1806. *Smaha v. George*, 195 Ga. 412 (24 SE2d 385).

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*