THOMAS J. FRASER AND WIFE, JENNIFER F. FRASER v. ANTHONY S. DI
SANTI, C. BANKS FINGER, DONALD M. WATSON, JR., ANTHONY S. DI
SANTI AND LINDA M. McGEE, PARTNERS D/B/A FINGER, WATSON,
DI SANTI AND McGEE

No. 8424SC1235

(Filed 2 July 1985)

**Appeal and Error § 6.2— denial of motions to dismiss and for summary judgment
—no just reason for delay—dismissal as interlocutory**

> Defendants' appeal was dismissed as interlocutory even though the trial
> judge had stated that there was no just reason for delay where the order de-
> nying defendants' motions to dismiss and for summary judgment was not a
> final determination of defendants' rights and the appeal did not affect defend-
> ants' substantial rights. G.S. 7A-27.

APPEAL by defendants from *Saunders, Judge.* Order entered
3 July 1984 in Superior Court, WATAUGA County. Heard in the
Court of Appeals 17 May 1985.

This is a civil action in which plaintiffs, Thomas J. Fraser and
wife, Jennifer W. Fraser, seek damages from defendants, Antho-
ny S. Di Santi, C. Banks Finger, Donald M. Watson, Jr. and An-
thony S. Di Santi and Linda M. McGee, Partners d/b/a Finger,
Watson, Di Santi and McGee, for alleged professional malpractice.

Defendants filed separate motions to dismiss for failure to
join a necessary party (G.S. 1A-1, Rule 12(b)(7)) and failure to
bring the action in the name of the real party in interest (G.S.
1A-1, Rule 17(a)). Defendants also filed a motion for summary
judgment. G.S. 1A-1, Rule 56.

A hearing was held upon the motions filed on 11 June 1984 in
Superior Court, Watauga County. Defendants' motions were de-
nied on 3 July 1984 and defendants gave notice of appeal. The
trial judge, in the appeal entries, found that there was "no just
reason to delay the appeal."

*Boyle, Alexander, Hord and Smith, by Robert C. Hord, Jr.,
for plaintiff-appellees.*

*Moore and Willardson, by John S. Willardson, for defendant-
appellants.*

EAGLES, Judge.

Defendants purport to bring forth two assignments of error on appeal: (1) the trial court erred in denying defendants' motions to dismiss for failure to bring the action in the name of the real party in interest and failure to join a necessary party and (2) the trial court erred in denying defendants' motion for summary judgment.

An appeal does not lie from an interlocutory order unless the order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment. *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1950). The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). The order entered by the trial court in this case denying defendants' motions to dismiss and for summary judgment was not a final determination of defendants' rights. *Auction Company v. Myers*, 40 N.C. App. 570, 253 S.E. 2d 362 (1979) (denial of motions to dismiss); *Hill v. Smith*, 38 N.C. App. 625, 248 S.E. 2d 455 (1978) (denial of motion for summary judgment). This is true even though the trial court, in its appeal entries, states that "there is no just reason to delay the appeal." *Cook v. Tobacco Co.*, 47 N.C. App. 187, 266 S.E. 2d 754 (1980). This finding by the trial court must be construed in light of G.S. 7A-27 and our well-settled case law concerning interlocutory appeals. Further, this appeal does not affect defendants' substantial rights. The appeal cannot lie as of right to this court.

Appeal dismissed.

Judges BECTON and PHILLIPS concur.