**Kirkman v. Wilson**

ROY L. KIRKMAN AND WIFE, LULA B. KIRKMAN, CLINTON (NMI) KIRKMAN AND WIFE, ANN LYVONNE KIRKMAN, AND JAMES E. KIRKMAN (UNMAR-RIED), PLAINTIFFS v. ADDIE WILSON (WIDOW), ZENO M. EVERETTE, JR. AND WIFE, CAROL H. EVERETTE, ERNEST F. BOYD AND WIFE, SYBIL E. BOYD, BRENDA H. MANNING, LOUIS EARL TOLER AND WIFE, JOYCE D. TOLER, LINWOOD EARL BRAXTON AND WIFE, EARLINE BRAXTON, ELVIRA JOHNSON (WIDOW), RICHARD D. JEWELL AND WIFE, PATSY JOHNSON JEWELL, AND MARIE H. WISE (WIDOW), DEFENDANTS

ERNEST F. BOYD AND WIFE, SYBIL E. BOYD, BRENDA H. MANNING, LOUIS EARL TOLER AND WIFE, JOYCE D. TOLER, LINWOOD EARL BRAXTON AND WIFE, EARLINE BRAXTON, ELVIRA JOHNSON (WIDOW), AND RICHARD D. JEWELL AND WIFE, PATSY JOHNSON JEWELL, THIRD PARTY PLAINTIFFS v. J. L. WILSON AND WIFE, ADDIE WILSON, CORA LEE BAILEY AND HUSBAND, DENNIS BAILEY, JIMMY MORRIS AND WIFE, JANICE MARLENE MORRIS, DORIS EVELYN SADLER AND HUSBAND, CLEM M. SADLER, BRITT ANNIE WARREN AND HUSBAND, JAMES W. WARREN, DORA LEE SUMRELL AND HUSBAND, WILLIAM H. SUMRELL, STEPHEN KITE AND WIFE, JULIA LAURA KITE, GUY C. FORNES AND WIFE, LENA FRANCES FORNES, JAMES S. DIXON AND WIFE, AMANDA DIXON, CLAUDIS DIXON AND WIFE, ADA MAE DIXON, OFFICE OF THE CLERK OF THE SUPERIOR COURT OF CRAVEN COUNTY, NORTH CAR-OLINA AND CRAVEN COUNTY, NORTH CAROLINA, BY AND THROUGH ITS BOARD OF COMMISSIONERS, THIRD PARTY DEFENDANTS

AND

DORIS EVELYN (SADLER) FORREST, DORA LEE SUMRELL AND HUSBAND, WILLIAM H. SUMRELL AND BRITT ANNIE WARREN, ADDITIONAL THIRD PARTY PLAINTIFFS v. CRAVEN COUNTY AND FIREMAN'S FUND INSUR-ANCE COMPANIES, ADDITIONAL THIRD PARTY DEFENDANTS

No. 873SC10

(Filed 4 August 1987)

**Appeal and Error § 6.2— remainder interest in land—Marketable Title Act—motion to dismiss plaintiffs' claim denied—appeal premature**

Defendants' appeal from the denial of their motion to dismiss plaintiffs' action for a judgment declaring them to be fee simple owners of tracts of land which defendants occupied was properly dismissed as interlocutory.

APPEAL by defendants Zeno M. Everette, Jr. and Carol H. Everette from *Reid, Judge.* Order entered 30 September 1986 in Superior Court, CRAVEN County. Heard in the Court of Appeals 3 June 1987.

On 22 January 1985 plaintiffs filed this action for a judgment declaring that they are the fee simple owners of, and are entitled to possess, certain tracts of Craven County land that various of the defendants now occupy and claim to own. In their answer the appealing defendants Zeno M. Everette, Jr. and wife, Carol H. Everette, denied plaintiffs' material allegations and asserted four separate and distinct affirmative defenses — the North Carolina Real Property Marketable Title Act, estoppel, record title and adverse possession. Defendants also moved to dismiss the action on the stock ground that the complaint failed to state a claim for which relief could be granted. When the motion was heard, after the parties stipulated that it could be treated as a motion for summary judgment, the court denied it. The evidence presented at the hearing consisted of the will of A. E. Kirkman, both as executed and recorded, the deeds in the defendants' chain of title, and various facts stipulated to by the parties. In pertinent part the evidence tended to establish the following:

In 1941 A. E. Kirkman died. By the terms of his will, duly probated, all his real estate was left to his son, Gussie C. Kirkman "to have and to use during his life time, with out the right or privilige (sic) to sell or convey the said relstate (sic) in any form or manner, and at the death of my son, the aforesaid G. C. Kirkman, it is my will and I so direct, that the aforesaid relstate (sic) shall be left to the legal children of my son, the aforesaid G. C. Kirkman." The original will, providing as above, is filed in the Office of the Clerk of Superior Court of Craven County; but in recording the will in the Will Book the Clerk's staff miswrote the foregoing provision to incorrectly state that the real estate went to Gussie C. Kirkman to have and use during his lifetime *with* the right to sell or convey "in any form or manner, and at the death of my son [Gussie] it is my will and I so direct that the aforesaid real estate shall be left to the legal children of my son, the aforesaid G. C. Kirkman." Between January, 1947 and October, 1949 Gussie C. Kirkman, joined by his wife, Sabrah L. Kirkman, purported to convey all the real estate willed to him by warranty deeds in fee simple. Each defendant is in possession of some of the land formerly owned by A. E. Kirkman and claims title as a result of direct or mesne conveyances from G. C. Kirkman and wife, Sabrah L. Kirkman. On 13 November 1982 G. C. Kirkman died leaving three sons, Roy L. Kirkman, Clinton Kirkman and James E. Kirkman who, in bringing this action, alleged superior title to the lands by virtue of the remainder interest devised to

them by the will of A. E. Kirkman. The defendants Everette acquired the property on which they now live by a general warranty deed on 15 May 1978 from W. H. Gurkin, Jr. and wife, Carthene Gurkin; the Gurkins acquired the property on 31 May 1956 by a general warranty deed from G. L. Wilson and wife, Addie Wilson; and the Wilsons acquired the property on 7 October 1949 by a general warranty deed from Gussie C. Kirkman and wife, Sabrah L. Kirkman. The plaintiffs' claims against the other defendants are the same as against the appealing defendants but involve different tracts of land acquired by different deeds and conveyances on different dates. Following the hearing on defendants' motion the trial court entered an order finding that the motion was "based upon the application of Chapter 47B of the North Carolina General Statutes, better known as the Marketable Title Act; and further, that there is no precedence established in this State for an act such as the Marketable Title Act to extinguish the rights of vested remaindermen who do not have the actual right to possession of property" and denied the motion. Upon defendants' further motion to amend the order, the court modified the order under the purported authority of Rule 54, N.C. Rules of Civil Procedure, "to state that this is a final Judgment as to one or more but fewer than all of the claims or parties and there is no just reason for delay."

*Ward and Smith, by J. Randall Hiner and Leigh A. Allred, for plaintiff appellees.*

*Leboeuf, Lamb, Leiby & MacRae, by Jane Flowers Finch and Albert D. Barnes, for defendant appellants.*

PHILLIPS, Judge.

This appeal is not authorized and we dismiss it. It is from an interlocutory order denying a motion to dismiss plaintiffs' action and a substantial right is not affected. *Oestreicher v. American National Stores, Inc.*, 290 N.C. 118, 225 S.E. 2d 797 (1976). That the trial judge amended the order to state that it is a "final Judgment" did not change its nature, *Tridyn Industries, Inc. v. American Mutual Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979), and make appealable what is clearly not appealable under the provisions of G.S. 1-277 and G.S. 7A-27. *Fraser v. DiSanti*, 75 N.C. App. 654, 331 S.E. 2d 217, *disc. rev. denied*, 315 N.C. 183, 337

S.E. 2d 856 (1985). Furthermore, in denying defendants' motion to dismiss no determination was made that is subject to appellate review. Contrary to defendants' impression, the trial court did not strike the defense based upon the Marketable Title Act; it merely observed that there is no precedent for defendants' claim that their unbroken chain of record title to the land for more than 30 years rendered unenforceable plaintiffs' claims as remainder-men under the will of A. E. Kirkman. This observation does not prevent defendants from continuing to assert the Marketable Title Act in their defense. But even if it did, other issues in the case would still remain to be tried, as the defendants pled three other defenses, any of which, from ought we know, might control the case. The amendment to the order undertaking to authorize defendants' immediate appeal is not sanctioned by Rule 54(b), N.C. Rules of Civil Procedure—which by its terms is limited to instances where less than all the claims made in a case are finally adjudicated. Too, while Rule 54(b) makes it possible to appeal before an entire case has been adjudicated, it does not authorize the appeal of claims that have not been finally adjudicated. Though the contentions of the parties concerning the applicability of the Marketable Title Act are interesting, under the record no question concerning that Act is properly before us, and we will not anticipate such a question and determine it.

Appeal dismissed.

Chief Judge HEDRICK and Judge ORR concur.