HOWZE v. HUGHES

[134 N.C. App. 493 (1999)]

———————

CORA G. HOWZE, Individually and as Administratrix of the Estate of NATHANIEL HOWZE, deceased, Plaintiff v. LINDA K. HUGHES, M.D., FAYETTEVILLE FAMILY MEDICAL CARE, P.A., STEPHEN GINN, M.D., CAPE FEAR CARDIOLOGY ASSO-CIATES, P.A., and CUMBERLAND COUNTY HOSPITAL SYSTEM, INC. d/b/a CAPE FEAR VALLEY MEDICAL CENTER/THE HEART CENTER, Defendants

No. COA98-1607

(Filed 3 August 1999)

1. **Appeal and Error— appealability—interlocutory order— certification erroneous**

The trial court's attempt to grant Rule 54(b) certification based on the order denying defendants' motions to dismiss fails because the order leaves the issues as to all parties and all claims open for future adjudication by the court.

**2. Appeal and Error— appealability—interlocutory order— motion to dismiss denied—no substantial right**

Defendants' appeal from the trial court's denial of their motions to dismiss plaintiff's complaint because of lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted is based merely on procedural grounds and does not affect their substantial right to due process.

Appeal by defendants Stephen Ginn, M.D., Cape Fear Cardiology Associates, P.A., and Cumberland County Hospital System, Inc., d/b/a Cape Fear Valley Medical Center/The Heart Center from order entered 20 October 1998 by Judge William C. Gore, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 12 July 1999.

*John Michael Winesette; and Reid, Lewis, Deese, Nance & Person, by James R. Nance, Jr., for plaintiff-appellee.*

*Walker, Barwick, Clark & Allen, L.L.P., by Gay Parker Stanley, for defendants-appellants Stephen Ginn, M.D. and Cape Fear Cardiology Associates, P.A.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Mark E. Anderson and Christopher J. Derrenbacher, for defendant-appellant Cumberland County Hospital System, Inc., d/b/a/ Cape Fear Valley Medical Center/The Heart Center.*

SMITH, Judge.

This action arises out of defendants' medical treatment of plaintiff's decedent, Nathaniel Howze, who died on 25 March 1996. Prior to the expiration of the original two-year statute of limitation, plaintiff moved for an extension of the applicable statute of limitation pursuant to N.C.R. Civ. P. 9(j). By order entered 24 March 1998, plaintiff was allowed an extension up to and including 22 July 1998 within which to commence the instant action. Defendants Cumberland County Hospital System, Inc., d/b/a Cape Fear Valley Medical Center/The Heart Center (hereinafter "Medical Center"), Stephen Ginn, M.D., and Cape Fear Cardiology Associates, P.A. (hereinafter "Cardiology Associates") were not named in the motion for extension or the order granting that extension. Further, these defendants were not served with notice of the extension. On 17 July 1998, plaintiff filed this action, individually and in her capacity as Administratrix of the Estate of Nathaniel Howze, against defendants Linda K. Hughes, M.D.,

Fayetteville Family Medical Care, P.A., Ginn, Cardiology Associates, and Medical Center, alleging causes of action for medical malpractice, wrongful death and emotional distress. Defendants subsequently moved to dismiss plaintiff's complaint pursuant to N.C.R. Civ. P. 12(b)(2), (4), (5), (6), and 9(j). These motions were denied, and defendants Medical Center, Cardiology Associates, and Ginn (collectively referred to as "defendants-appellants) appealed to this Court. Thereafter, defendants-appellants obtained Rule 54(b) certification for immediate appellate review.

**[1]** N.C.R. Civ. P. 54(b) provides,

> ·When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. *In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by the rules or other statutes.*

(Emphasis added.) *See also Kirkman v. Wilson*, 86 N.C. App. 561, 564, 358 S.E.2d 550, 552 (1987) (stating that "while Rule 54(b) makes it possible to appeal before an entire case has been adjudicated, it does not authorize the appeal of claims that have not been finally adjudicated[]"). In the instant case, there has been no adjudication as to any claim(s) or part(ies) within the meaning of Rule 54(b). The order denying defendants-appellants' motions to dismiss leaves the issues as to *all* parties and *all* claims open for future adjudication by the court. *See Howard v. Ocean Trail Convalescent Center*, 68 N.C. App. 494, 495, 315 S.E.2d 97, 99 (1984) (stating that a denial of a motion to dismiss "simply allows an action to proceed"). Hence, the trial court's attempt at Rule 54(b) certification fails.

**[2]** We note that in their motion for certification for immediate appeal, defendants Ginn and Cardiology Associates assert that the court's order denying their motion to dismiss affects a substantial right—their right to due process. Further, in light of the "contradictory rulings entered by various Superior Court Judges," defendants

Ginn and Cardiology Associates also assert that "appellate review of the issues presented would be of aid and benefit to the Bar and the Court." We disagree. These assertions have no bearing upon a trial court's certification under N.C.R. Civ. P. 54(b). The right to immediate appellate review under the substantial right doctrine is addressed in G.S. § 1-277(b) (1996).

While this Court has interpreted G.S. § 1-277(b) to allow immediate appellate review when there is a jurisdictional challenge as to the person or property of the defendant(s), *Hart v. F.N. Thompson Const. Co.*, 132 N.C. App. 229, 231, 511 S.E.2d 27, 28 (1999), this right to immediate review is only applicable when the jurisdictional challenge is substantive rather than merely procedural. The difference was explained in *Berger v. Berger*:

> If defendant's motion raises a due process question of whether his contacts within the forum state were sufficient to justify the court's jurisdictional power over him, then the order denying such motion is immediately appealable under G.S. 1-277(b). If, on the other hand, defendant's motion, though couched in terms of lack of jurisdiction under Rule 12(b)(2), actually raises a question of sufficiency of service or process, then the order denying such motion is interlocutory and does not fall within the ambit of G.S. 1-277(b).

67 N.C. App. 591, 595, 313 S.E.2d 825, 828-29 (citations omitted), *disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984).

In the present case, defendants-appellants allege that the trial court did not have jurisdiction in the matter because they were not named in the motion requesting nor the order granting plaintiff's motion for extension of time under N.C.R. Civ. P. 9(j), and were not served with a notice of that extension. Therefore, defendants-appellants argue that the extension of the statute of limitations under N.C.R. Civ. P. 9(j) was not effective as to them, and the trial court erred in denying their motions to dismiss for lack of personal jurisdiction pursuant to N.C.R. Civ. P. 12(b)(2), insufficiency of process pursuant to N.C.R. Civ. P. 12(b)(4), insufficiency of service of process pursuant to N.C.R. Civ. P. 12(b)(5), and failure to state a claim upon which relief can be granted pursuant to N.C.R. Civ. P. 12(b)(6).

Although, defendants-appellants argue to the contrary, this case does not present any allegations of due process proportions. Here, defendants base their allegations purely upon procedural

**HOWZE v. HUGHES**

[134 N.C. App. 493 (1999)]

grounds. The order denying defendants-appellants' motions to dismiss, therefore, does not affect a substantial right within the meaning of G.S. § 1-277(b).

As the judgment in the instant case does not finally adjudicate any claim(s) as to any part(ies), the trial court's attempt to certify this matter under Rule 54(b) fails. Further, the order does not affect a substantial right, and is therefore, not immediately appealable under G.S. § 1-277(b). Accordingly, this appeal is dismissed as interlocutory.

Dismissed.

Judges JOHN and HUNTER concur.