EDWARD W. ANDERSON, PLAINTIFF v. ATLANTIC CASUALTY INSURANCE
COMPANY, DEFENDANT

No. COA98-1466

(Filed 7 September 1999)

**1. Appeal and Error— appealability—interlocutory order— summary judgment denied—certification erroneous—no just reason for delay**

The trial court's attempt to grant Rule 54(b) certification based on the order denying defendant's motion for summary judgment fails because the claims have not been finally adjudicated, and the trial court's determination that there is "no just reason for delay" of the appeal is not binding on appellate courts.

**2. Appeal and Error— appealability—interlocutory order— substantial right**

Defendant's appeal from the denial of his summary judgment motion, based on the issues of whether plaintiff's action is barred by a general release and whether N.C.G.S. § 20-279.21(b)(4) prevents plaintiff from compelling defendant to participate as a named defendant, does not involve a substantial right entitling defendant to an immediate appeal.

Appeal by defendant from order entered 16 September 1998 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 August 1999.

*Golding, Meekins, Holden, Cosper & Stiles, L.L.P., by James W. Pope and John A. Stoker, for defendant-appellant.*

*No brief for plaintiff-appellee.*

JOHN, Judge.

Defendant purports to appeal the trial court's order denying its motion for summary judgment. Defendant's appeal is interlocutory and must be dismissed.

Plaintiff filed the instant action *pro se* seeking the "balance" of damages incurred in a 1 October 1994 automobile collision. Plaintiff alleged that at all pertinent times he maintained in effect a policy of automobile insurance issued by defendant providing, *inter alia,* underinsured motorist ("UIM") coverage.

**ANDERSON v. ATLANTIC CASUALTY INS. CO.**

[134 N.C. App. 724 (1999)]

Defendant subsequently moved for summary judgment asserting the action "[was] improperly brought against [defendant] as named defendant in violation of [N.C.G.S. § 20-279.2l(b)(4) (1993)]," and that plaintiff's claim was barred as a matter of law by virtue of plaintiff's execution of a general release without preserving his right to pursue a UIM claim against defendant. The trial court denied defendant's motion.

[1] It is well-settled that an order denying a motion for summary judgment is interlocutory, and not generally immediately appealable. *Wallace v. Jarvis*, 119 N.C. App. 582, 584, 459 S.E.2d 44, 46, *disc. review denied*, 341 N.C. 657, 462 S.E.2d 527 (1995); *see also Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) (grant of partial summary judgment, as an order not completely disposing of case, is interlocutory and there is ordinarily no right of appeal). This rule "prevent[s] fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985). As our Supreme Court has noted,

> [t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders.

*Veazey v. Durham*, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950).

Nonetheless, immediate appeal may be permitted pursuant to N.C.G.S. § 1A-1, Rule 54(b) (1990) (Rule 54(b)) ("court may enter a final judgment . . . only if there is no just reason for delay and it is so determined in the judgment"), or under N.C.G.S. § 1-277 (1996) and N.C.G.S. § 7A-27(d) (1995) (interlocutory order may be appealed if trial court's decision deprives appellant of substantial right). *Bartlett v. Jacobs*, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996), *disc. review denied*, 345 N.C. 340, 483 S.E.2d 161 (1997).

Although "denial of a motion for summary judgment is not a final judgment," *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993) (citations omitted), this matter was certified by the trial court pursuant to Rule 54(b) as being immediately appealable. However, Rule 54(b) "does not authorize the appeal of claims that have not been finally adjudicated." *Kirkman v. Wilson*, 86 N.C. App. 561, 564, 358 S.E.2d 550, 552 (1987); *see also Industries, Inc. v.*

*Insurance Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979) (trial court's denomination of its decree as "a final . . . judgment does not make it so"); *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983) (trial court's finding "there is no just reason for delay" "does not make the denial of summary judgment immediately appealable because it is not a final judgment"); *Henderson v. LeBauer*, 101 N.C. App. 255, 264, 399 S.E.2d 142, 147, *disc. review denied*, 328 N.C. 731, 404 S.E.2d 868 (1991) ("denial of a motion for summary judgment is not a final judgment, and is generally not immediately appealable, even if the trial court has attempted to certify it for appeal under Rule 54(b)"); *Fraser*, 75 N.C. App. at 655, 331 S.E.2d at 218 (orders were not final determinations of defendants' rights and were dismissed on appeal despite trial court's Rule 54(b) certification).

Similarly, the trial court's determination that there is "no just reason for delay" of appeal, while accorded deference, *see DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998), cannot bind the appellate courts because "ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court," *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984); *see also McNeil v. Hicks*, 111 N.C. App. 262, 264, 431 S.E.2d 868, 869 (1993), *disc. review denied*, 335 N.C. 557, 441 S.E.2d 118 (1994) (Rule 54(b) certification "is not dispositional when the order appealed from is interlocutory"). Further, "application of the substantial right analysis" is "prerequisite to the [trial] court's" determination there existed "no just reason to delay the appeal." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 249, 507 S.E.2d 56, 61-62 (1998).

In the case *sub judice*, there has been no adjudication as to any claim against defendant within the meaning of Rule 54(b) and thus no final judgment has been entered. *See Howze v. Hughs*, 134 N.C. App. 493, 495, 518 S.E.2d 198, 199 (1999) (order denying motion to dismiss "leaves the issues as to *all* parties and *all* claims open for future adjudication by the court" (emphasis in original)). Hence, the trial court's attempt at Rule 54(b) certification was ineffective because it cannot by certification make its decree "immediately appealable [if] it is not a final judgment." *Lamb*, 308 N.C. at 425, 302 S.E.2d at 871; *see also Industries*, 296 N.C. at 491, 251 S.E.2d at 447.

**[2]** Notwithstanding, defendant also argues the court's order denying its motion for summary judgment affects a substantial right. *See*

*Cagle,* 111 N.C. App. at 247, 431 S.E.2d at 803 (denial of motion for summary judgment, even if trial court has attempted to certify it for appeal under Rule 54(b), generally not appealable unless affecting a "substantial right"). Under G.S. §§ 1-277(a) and 7A-27(d)(1), an otherwise interlocutory order may be appealed upon a showing that: (1) the order affects a right that is indeed "substantial," and (2) "enforcement of that right, absent immediate appeal, must be 'lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order.' " *First Atl. Mgmt. Corp.,* 131 N.C. App. at 250, 507 S.E.2d at 62 (citation omitted).

We first note the trial court's attempted certification for appeal reflects no basis upon which it determined there existed "no just reason for delay," thus we are unable to conclude it applied the requisite substantial right analysis prior to certification. *See id.* at 249, 507 S.E.2d at 61 (appellate review facilitated when trial court sets forth basis for determination for "no just reason to delay"). Further, while it is true our courts have recognized that matters involving the defense of sovereign immunity affect a substantial right and may thus be immediately appealable, *Southern Furniture Co. v. Dept. of Transportation,* 122 N.C. App. 113, 115, 468 S.E.2d 523, 525 (1996), *disc. review improvidently allowed,* 346 N.C. 169, 484 S.E.2d 552 (1997), defendant's attempts to analogize the case *sub judice* to one involving the defense of absolute or qualified immunity fail.

In the case *sub judice,* the issues presented on appeal concern whether plaintiff's action is barred by a general release and whether G.S. § 20-279.21(b)(4) prevents plaintiff from compelling defendant to participate as a named defendant herein. Indeed, the only possible "injury" defendant will suffer if not permitted immediate appellate review is the necessity of proceeding to trial before the matter is reviewed by this Court. Avoidance of trial is not a substantial right entitling a party to immediate appellate review. *Blackwelder v. Dept. of Human Resources,* 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983).

Based on the foregoing, defendant's appeal must be dismissed.

Appeal dismissed.

Judges HUNTER and SMITH concur.