RUTH MARIE LEE, Plaintiff v. B. HUNT BAXTER, Jr., as Administrator, C.T.A. of the Estate of CHARLES W. LEE, Defendant v. FORD MOTOR COMPANY, a Delaware Corporation, Third-Party Defendant

No. COA00-1309

(Filed 4 December 2001)

**1. Appeal and Error— appealability—denial of summary judgment—trial court certification—not a final judgment—Rule 54 not applicable**

A purported appeal from the denial of a third-party defendant's summary judgment motion did not fall within the scope of N.C.G.S. § 1A-1, Rule 54(b) even though it was certified by the trial court where the judgment was not final as to either a claim or a party. Rule 54(b) provides that a judgment is immediately appealable when the trial court certifies that there is no just reason for delay in an action with multiple parties or multiple claims.

**2. Appeal and Error— appealability—denial of summary judgment—statute of repose defense—substantial right not affected**

A third-party's appeal from the trial court's denial of its motion for summary judgment based upon the statute of repose

was interlocutory and did not affect a substantial right, and the appeal was dismissed. Defendant can raise the statute of repose on appeal from a final judgment and, unlike the defense of immunity, the only loss suffered would be the time and expense of trial. Moreover, it has been held that the statute of limitations does not affect a substantial right and is therefore not appealable.

Appeal by third-party defendant from an order entered 14 June 2000 by Judge James E. Ragan, III in Craven County Superior Court. Heard in the Court of Appeals 17 September 2001.

*No brief filed for plaintiff-appellee.*

*McCotter, McAfee & Ashton, PLLC, by Rudolph A. Ashton, III and Robert J. McAfee, for defendant-appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Kirk G. Warner and Jane Langdell, for third-party defendant-appellant.*

HUNTER, Judge.

Third-party defendant, Ford Motor Company ("Ford"), appeals from an order denying its motion for summary judgment. We dismiss Ford's appeal as interlocutory.

Ruth Marie Lee ("plaintiff") and her husband, Charles W. Lee, bought a new Ford Ranger on 12 April 1991. Five and a half years later, on 28 October 1996, plaintiff was injured when her husband drove the Ford Ranger off the road, hitting a tree while plaintiff was a passenger in the truck. In December of 1996, plaintiff's husband died of a heart attack, unrelated to the October accident. On 26 October 1999, plaintiff commenced this suit against her husband's estate seeking damages for the injuries sustained in the accident in October of 1996. On 8 March 2000, the estate filed a third-party complaint against Ford alleging entitlement to contribution and/or indemnification based on negligence and breach of warranty. Ford subsequently filed a motion for summary judgment relying on the statute of repose. Ford claimed that because the original action and the third-party complaint were filed more than six years after the initial purchase of the truck, the suit was barred by the statute of repose. *See* N.C. Gen. Stat. § 1-50(6) (1999). The trial court denied the motion for summary judgment, and certified the action for appeal under Rule 54(b). Ford appeals.

**LEE v. BAXTER**

[147 N.C. App. 517 (2001)]

**[1]** An appeal is interlocutory "if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). North Carolina law allows an immediate appeal from an interlocutory order only in limited circumstances. *See* N.C. Gen. Stat. §§ 1-277, 7A-27(d) (1999); N.C.R. Civ. P. 54(b). We first note that Rule 54(b) does not provide a basis for review here. "Rule 54(b) provides that in an action with multiple parties or multiple claims, if the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay, the judgment is immediately appealable." *DKH Corp. v. Rankin-Patterson Oil Company*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998). Here, although the judgment was certified for appeal by the trial court, it was not final as to either a claim or a party. Thus, this purported appeal does not fall within the scope of Rule 54(b).

**[2]** Ford argues, however, that the denial of its motion for summary judgment based upon the statute of repose affects a substantial right and is, therefore, immediately appealable. It is settled law in North Carolina that the denial of a motion for summary judgment is interlocutory, and not immediately appealable. *Anderson v. Town of Andrews*, 133 N.C. App. 185, 186, 515 S.E.2d 55, 56 (1999). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985). However, a party may appeal an interlocutory order where the order affects a substantial right. N.C. Gen. Stat. §§ 1-277(a), 7A-27(d)(1) (1999). A right is considered substantial if it "will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983).

Ford argues that the statute of repose gives a defendant a "vested right" not to be sued and is therefore similar to the defense of immunity, which is considered a substantial right. *Anderson v. Atlantic Casualty Ins. Co.*, 134 N.C. App. 724, 727, 518 S.E.2d 786, 789 (1999). Since North Carolina law allows for an interlocutory appeal where the denial of a motion for summary judgment is based on immunity, *see id.*, Ford argues that an interlocutory appeal should be allowed where the denial of a motion for summary judgment is based upon the statute of repose. We disagree.

RAINBOW PROPS. v. WILKINSON

[147 N.C. App. 520 (2001)]

" ' "[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." ' " *Herndon v. Barrett*, 101 N.C. App. 636, 639, 400 S.E.2d 767, 769 (1991) (citations omitted). We do not believe the statute of repose creates a similar entitlement. Unlike a claim for immunity, Ford's right to raise the statute of repose defense will not be lost if we do not review the case prior to a final judgment since Ford may raise the issue on appeal from a final judgment. The only loss Ford will suffer will be the time and expense of trial. We note, however, that avoiding the time and expense of trial is not a substantial right justifying immediate appeal. *Anderson*, 134 N.C. App. at 727, 518 S.E.2d at 789.

In addition, we note that our Supreme Court has previously determined that a motion to dismiss "based on a statute of limitation[s] does not [a]ffect a substantial right and is therefore not appealable." *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000) (citing *Johnson v. Insurance Co.*, 215 N.C. 120, 1 S.E.2d 381 (1939)). For this purpose, we see no reason to treat a motion for summary judgment based on the statute of repose differently than a motion to dismiss based on the statute of limitations.

For these reasons, we hold that the third-party defendant's appeal from the trial court's denial of its motion for summary judgment based on the statute of repose defense is interlocutory and does not affect a substantial right, and therefore must be dismissed.

Appeal dismissed.

Chief Judge EAGLES and Judge HUDSON concur.