JAMES RIVER EQUIPMENT, INC., Plaintiff v. THARPE'S EXCAVATING, INC., JEFFREY W. THARPE, MECKLENBURG UTILITIES, INC. and ORANGE COUNTY BOARD OF EDUCATION, Defendants

No. COA05-79

(Filed 5 September 2006)

**1. Appeal and Error— appealability—interlocutory order— explanation of substantial right**

When an appeal is from an order which is final as to one party, but not all, and the trial court has certified the matter under N.C.G.S. § 1A-1, Rule 54(b), the Court of Appeals must review the issue, as here. However, when the appeal is from an interlocutory rather than final order as to any party, the appellant must include an explanation of why the case affects a substantial right, even if the trial court has certified that there is no just reason for delay. N.C. Rules of Appellate Procedure, Rule 28(b)(4) (2004).

## 2. Construction Claims— school project—surety in receivership—no civil remedy for failure to maintain bond

The Orange County Board of Education could not be civilly liable to a subcontractor on a school construction project for failure to provide an adequate payment bond for the life of the project where the surety was placed in receivership. The bond requirement of N.C.G.S. § 44A-26 is for life of the project, but the remedy is criminal rather than civil. The trial court correctly granted the Board's motion for dismissal for failure to state a claim upon which relief could be granted.

## 3. Construction Claims; Sureties— surety contract—for the benefit of laborers and subcontractors

The trial court incorrectly granted a Rule 12(b)(6) dismissal for the general contractor on a school construction project where the surety was placed in receivership and a subcontractor brought an action for not maintaining the required bond. Pursuant to N.C.G.S. § 44A-26(a)(2), as amended, the bond requirement is clearly and explicitly for the direct benefit of laborers and subcontractors such as plaintiff.

## 4. Trials— motion for reconsideration—plaintiff's argument considered—no abuse of discretion

The trial court did not abuse its discretion by denying a motion for reconsideration in an action by a subcontractor arising from the insolvency of a surety. The court's order indicated that it considered plaintiff's argument and concluded that equal protection and due process did not apply.

## 5. Construction Claims— failure of surety—materialman's lien against board of education and contractor—equitable liens

A materialman's lien does not apply to public bodies or public buildings and the trial court did not err by dismissing a subcontractor's claim that it had a lien on funds in the hands of the Board of Education at the time it learned that the surety was insolvent. However, the court erred by dismissing the claim against the general contractor, which is not a public body. The trial court also did not err by dismissing plaintiff's claim for an equitable lien, which is available only when a party has no adequate remedy at law. Plaintiff has other claims pending.

JAMES RIVER EQUIP., INC. v. THARPE'S EXCAVATING, INC.

[179 N.C. App. 336 (2006)]

**6. Construction Claims— failure of surety—quantum meruit claims by subcontractor**

A subcontractor did not have a claim in quantum meruit against the Board of Education for not maintaining the statutorily required bond after a surety became insolvent. Under the statute, there is no civil remedy against the Board. However, plaintiff alleged a prima facie case for recovery in quantum meruit against the general contractor and the trial court should not have granted a Rule 12 (b)(6) dismissal of the claim.

**7. Trials— dismissal for failure to prosecute—denied—settlement discussions and document gathering**

The trial court did not abuse its discretion by denying defendants' motions to dismiss for failure to prosecute where plaintiff filed the action in March of 2002 and subsequently obtained ten alias and pluries summonses between the original filing and October of 2003. The court considered that plaintiff was engaged in settlement discussions and document gathering, and did not abuse its discretion by not dismissing plaintiff's case.

Appeal by plaintiff from order entered 3 September 2004 by Judge John R. Jolly, Jr., in the Superior Court in Orange County. Heard in the Court of Appeals 1 December 2005.

*Sands, Anderson, Marks & Miller, by Celie B. Richardson, Elaine R. Jordan and Dailey J. Derr, for plaintiff-appellant.*

*Safran Law Offices, by M. Anne Runheim, for defendant-appellee Mecklenburg Utilities, Inc.*

*Cheshire & Parker, by D. Michael Parker, for defendant-appellee Orange County Board of Education.*

HUDSON, Judge.

On 30 August 2004, the trial court dismissed plaintiff's tort, contract, and equity claims against defendants Mecklenburg Utilities, Inc., ("Mecklenburg") and the Orange County Board of Education ("the Board"), with prejudice. Plaintiff appeals. We affirm in part and reverse in part and remand.

In 2000, the Board entered a contract with Mecklenburg for grading services for construction of a new high school. Under the contract, Mecklenburg would furnish the payment bond required by state

law; Mecklenburg procured a payment bond from Amwest Surety Insurance Company ("the surety"). Mecklenburg, the general contractor, sub-contracted with Tharpe's Excavating, Inc., ("Tharpe's"), with Jeffrey W. Tharpe as guarantor, for a portion of the grading work. In turn, Tharpe's rented equipment from plaintiff, James River Equipment. Tharpe's failed to pay over $500,000 owed to plaintiff and, in April 2001, plaintiff gave notice of non-payment to the Board, Mecklenburg, and the surety. In June 2001, the surety gave notice to the Board and Mecklenburg that it was insolvent and had been placed in receivership. Mecklenburg did not furnish a replacement bond.

In 2002, plaintiff brought this suit against the Board, Mecklenburg, Tharpe's and Tharpe. Plaintiff's complaint sets forth the following counts: Count I claims breach of the contract between Tharpe's and plaintiff; Count II seeks recovery from Tharpe as guarantor of plaintiff's contract with Tharpe's; Count III claims a lien on funds held by the Board and Mecklenburg at the time they learned the surety was insolvent; Count IV is a claim of *quantum meruit* against all defendants; Count V seeks an equitable lien against the Board and Mecklenburg to prevent unjust enrichment; Count VI claims breach of a contract between the Board and Mecklenburg; Count VII against the Board claims breach of warranty; and Count VIII against the Board claims negligence for failure to retain funds. Plaintiff later amended the complaint to add equal protection and due process claims against the Board. Upon motions to dismiss by defendants Mecklenburg and the Board, the trial court dismissed all claims against the Board and Mecklenburg pursuant to Rule 12(b)(6). The trial court also found no just reason for delay of appellate review of the dismissed claims and thus certified the case for appeal pursuant to Rule 54(b). The court did not dismiss the counts against Tharpe's and Tharpe for breach of contract and guaranty, which were still pending in superior court at the filing of this appeal.

Orders which do not dispose of the action as to all parties are treated as interlocutory. *Cunningham v. Brown*, 51 N.C. App. 264, 267, 276 S.E.2d 718, 722 (1981). Ordinarily, there is no right of appeal from an interlocutory order, but interlocutory orders may be appealed in two instances: "(1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *CBP Resources, Inc. v. Mountaire Farms, Inc.*, 134 N.C. App. 169, 171, 517 S.E.2d 151, 153

(1999) (internal quotation marks omitted); N.C. Gen. Stat. § 1A-1, Rule 54(b) (2001); N.C. Gen. Stat. § 1-277(a) (2001); N.C. Gen. Stat. § 7A-27(c) (2001).

[1] In its brief, James River has included a statement of grounds for appellate review, as required by Rule 28(b)(4). N.C. R. App. P. 28(b)(4) (2004). When the Supreme Court amended Rule 28(b) in 2001, it added subsection 4, which reads in its entirety as follows:

> Such statement shall include citation of the statute or statutes permitting appellate review. When an appeal is based on Rule 54(b) of the Rules of Civil Procedure, the statement shall show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

*Id.* We read this rule as requiring that, when an appeal is from an order which is *final* as to one party, but not all, and where the trial court has certified the matter under Rule 54(b), we must review the issue. This interpretation is consistent with the Supreme Court's previous holding that where the trial court issued a Rule 54(b) certification on a final judgment as to one or more party but not all, this Court is required to review the case. *DKH Corp. v. Rankin-Patterson Oil Co., Inc.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998). Although that decision preceded, and thus did not specifically address, the change in appellate Rule 28(b)(4) issued by the Supreme Court, we conclude that the change in the rule does not alter the binding effect of *DKH*.

However, we note that when an appeal is from an interlocutory, *not final*, order as to any party (e.g., one which disposes of some but not all claims against that party), the appellant must include an explanation of why the case affects a substantial right, even if the trial court has certified that there is no just reason for delay. "[T]he trial court's determination that there is no just reason for delay of appeal, while accorded deference, cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." *Anderson v. Atlantic Cas. Ins. Co.*, 134 N.C. App. 724, 726, 518 S.E.2d 786, 788 (1999) (internal citations and quotation marks omitted). The trial court "cannot by certification make its decree immediately appealable if it is not a final

judgment." *Id.* (internal citation, ellipses and quotation marks omitted). Here, because the appeal *is final* as to the Board and Mecklenburg and the trial court certified the appeal, we conclude that we must review plaintiff's appeal on the merits.

**[2]** Plaintiff first argues that the trial court erred in dismissing its claim in Count VI of its complaint, that the Board and Mecklenburg breached their contractual and statutory duty to provide an adequate bond throughout the life of a project. We review the trial court's grant of a 12(b)(6) motion to dismiss *de novo. Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 373, 553 S.E.2d 89, 91 (2001). "[T]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Id.* (internal citation omitted). In reviewing a 12(b)(6) dismissal, we are only concerned with the adequacy of the pleadings, *see, e.g., Henry v. Deen*, 310 N.C. 75, 86, 310 S.E.2d 326, 334 (1983), which we must construe liberally. *Governor's Club Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 246, 567 S.E.2d 781, 786 (2002), *aff'd*, 357 N.C. 46, 577 S.E.2d 620 (2003).

N.C. Gen. Stat. §§ 44A-25 through 44A-35 (2003), commonly known as the Little Miller Act ("the Act"), governs payment and performance bonds for state construction contracts. Section 44A-26, entitled

"Bonds Required," states in pertinent part that,

(a) When the total amount of construction contracts awarded for any one project exceeds three hundred thousand dollars ($ 300,000), a performance and *payment bond as set forth in (1) and (2) is required by the contracting body from any contractor or construction manager at risk with a contract* more than fifty thousand dollars ($ 50,000).

\*\*\*

(2) A payment bond in the amount of one hundred percent (100%) of the construction contract amount, conditioned upon the prompt payment for all labor or materials for which a contractor or subcontractor is liable. *The payment bond shall be solely for the protection of the persons furnishing materials or performing labor for which a contractor, subcontractor, or construction manager at risk is liable.*

(b) The performance bond and the payment bond shall be executed by one or more surety companies legally authorized to do business in the State of North Carolina and shall become effective upon the awarding of the construction contract.

*Id.* (emphasis addded). Defendants do not dispute that they were required to provide a bond, but assert that they complied with the Act when they secured a surety that "became effective upon the awarding of the construction contract." However, the statute is silent regarding whether the bond is required for the life of the project and this issue is one of first impression.

Pursuant to fundamental principles of statutory construction, we must first seek to discern the intent of the legislature, and in seeking to ascertain the legislative intent, the statutory language should be construed in context. *See Powell v. State Employees' Retirement System*, 3 N.C. App. 39, 41, 164 S.E.2d 80, 81 (1968). In addition, we give consideration to the effect of possible interpretations of the statute, "since a construction that leads to an anomalous or illogical result probably was not intended by the legislature." *Domestic Elec. Service Inc. v. City of Rocky Mount*, 20 N.C. App. 347, 348, 201 S.E.2d 508, 509, *aff'd*, 285 N.C. 135, 203 S.E.2d 838 (1974). In construing a statute, we presume that the legislature acted with care and deliberation. *State v. Benton*, 276 N.C. 641, 658, 174 S.E.2d 793, 804 (1970). Here, the statute explicitly states that "[t]he payment bond shall be solely for the protection of the persons furnishing materials or performing labor for which a contractor, subcontractor, or construction manager at risk is liable." N.C. Gen. Stat. § 44A-26. Our Courts have noted that such statutes provide a surety bond to provide the functional equivalent of a materialmen's lien, which is available to those engaged in private construction, but not in public construction projects. *Carolina Builders Corporation v. AAA Dry Wall, Inc.*, 43 N.C. App. 444, 448, 259 S.E.2d 364, 367 (1979). Furthermore, we note that the payment bond form included in N.C. Gen. Stat. § 44A-33(b), provides language indicating that the bond shall "remain in full force and virtue." *Id.* We conclude that the bond requirement of N.C. Gen. Stat. § 44A-26 extends throughout the life of the project; to hold otherwise would fail to afford the protection which the statute explicitly seeks to provide and would "lead[] to an anomalous or illogical result probably [] not intended by the legislature." *Domestic Elec. Service*, 20 N.C. App. at 348, 201 S.E.2d at 509.

Although we conclude that N.C. Gen. Stat. § 44A-26 requires that the contracting body and the general contractor provide a payment

bond for the life of the project, we also conclude that plaintiff here has no civil remedy against the Board for this alleged violation of the duty to maintain a bond. N.C. Gen. Stat. § 44A-32 provides that "[e]ach contracting body shall designate an official thereof to require the bonds described by this Article. If the official so designated shall fail to require said bond, he shall be guilty of a Class 1 misdemeanor." *Id.* The North Carolina Supreme Court has held that as against a government contracting body,

> criminal indictment is the only remedy prescribed by the statute, and we must declare the law as we find it. The Legislature alone may change it, if it is thought to be inadequate. Plaintiff's rights and remedies against the defendant board and its members are statutory, and the courts are not at liberty to extend a penal statute, or one of this kind, beyond the clear meaning of its terms. The legislative intent must be the controlling spirit in the construction and application of statutes of this nature.

*Noland Company, Inc., v. Board of Trustees of Southern Pines School,* 190 N.C. 250, 255, 129 S.E.2d 577, 579 (1925) (internal citation and quotation marks omitted). In 1979, this Court again held that the statute provides the sole remedy against a government entity for failure to provide the statutorily required bond: misdemeanor prosecution of the designated official responsible for securing the bond. *Carolina Builders,* 43 N.C. App. at 449, 259 S.E.2d at 368. Although the Little Miller Act was revised by the legislature in 1973, 1993, and 1994, the legislature has not amended the substance of this provision. Accordingly, we conclude that the Board cannot be civilly liable to plaintiff for the failure to provide an adequate payment bond for the life of the project.

[3] In claim VI of its complaint, plaintiff also argues that Mecklenburg is liable for failure to provide an adequate bond for the life of the project. Plaintiff was not a party to the contract between the Board and Mecklenburg, and thus seeks recovery as a third-party beneficiary. "[A] third party beneficiary to an agreement may properly maintain an action for its breach, where the agreement is made for the third party's direct benefit and the benefit accruing to him is not merely incidental." *Woolard v. Davenport,* 166 N.C. App. 129, 136, 601 S.E.2d 319, 324 (2004). In *Carolina Builders,* this Court held that a plaintiff could not recover from the general contractor for failure to secure the statutory bond because it was a "mere incidental beneficiary," to the contract between the governmental body and the general contractor. 43 N.C. App. at 447, 259 S.E.2d at 366. In so

holding, the Court reasoned that, "[n]othing in the record before us suggests that the [governmental body] exacted from [the general contractor] the promise to obtain bonds with the expressed intent to directly benefit third parties such as plaintiff." *Id.* at 448, 259 S.E.2d at 367. However, *Carolina Builders*, involved an earlier version of the statute, N.C. Gen. Stat. § 44-14 (1973), which simply required public bodies

> [t]o execute bond with one or more solvent sureties before beginning any work under said contract, payable to said county, city, town or other municipal corporation, and conditioned on payment of all labor done on and material and supplies furnished for said work under a contract or agreement made directly with the principal contractor or subcontractor.

*Id.* As the Act has since been amended, we conclude that we are not bound by *Carolina Builders* on this issue. Pursuant to N.C. Gen. Stat. § 44A-26(a)(2), as amended in 1973, the statutory bond requirement of the contract between the Board and Mecklenburg is clearly and explicitly for the direct benefit of laborers and subcontractors such as plaintiff. Thus, the allegations in count VI are sufficient to state a claim on this basis, and we reverse the trial court's dismissal of this claim as to Mecklenburg.

**[4]** In its next argument, plaintiff argues that the trial court erred in denying plaintiff's motion to reconsider the dismissal of certain of their claims. As to the dismissals we are affirming, we disagree; as to the dismissals we are reversing, we need not address this issue. Plaintiff filed a motion for reconsideration, alleging that it had new information that the Board required Mecklenburg to provide a replacement bond after it learned of the surety's insolvency, but only for contractors doing work from that point forward, which excluded plaintiff. Plaintiff asserts that this was unequal and arbitrary treatment of subcontractors, in violation of plaintiff's constitutional rights to Equal Protection and Due Process under the United States and North Carolina Constitutions.

We review the trial court's denial of a motion for reconsideration for abuse of discretion and reverse only upon "a showing that [the] ruling was so arbitrary that it could not have been the result of a reasoned decision." *Muse v. Charter Hospital of Winston-Salem, Inc.,* 117 N.C. App. 468, 481, 452 S.E.2d 589, 598, *aff'd,* 342 N.C. 403, 464 S.E.2d 44 (1995). In denying plaintiff's motion, the trial court stated that it considered *Dobrowolska v. Wall,* 138 N.C. App. 1, 530 S.E.2d

590 (2000), which plaintiff cited in support of its constitutional arguments. In *Dobrowolska*, this Court held that when the City of Greensboro opted to pay damages to some tort claimants in a negligence claim arising from an accident with an off-duty police officer, while asserting governmental immunity against others, it was obligated to "carry out this custom, or 'unwritten' policy in a way which affords due process to all similarly situated tort claimants with actions against the City." *Id.* at 13, 530 S.E.2d at 599. However, *Dobrowolksa* involved direct payments by the City to some tort claimants and assertions of governmental immunity against others, while here plaintiffs assert failure to provide a statutory replacement bond as to all contractors. The Court's order indicates that it considered plaintiff's argument and concluded that equal protection and due process did not apply. Plaintiff has failed to make a "showing that [the] ruling was so arbitrary that it could not have been the result of a reasoned decision." *Muse*, 117 N.C. App. at 481, 452 S.E.2d at 598. We overrule this assignment of error.

[5] Plaintiff also contends in count III that the trial court erred in dismissing its claim that it had a lien on funds in the hands of the Board and Mecklenburg at the time they learned that the surety was insolvent. A materialmen's lien on funds is a statutory remedy which arises under Article 2 of Chapter 44A of our General Statutes. N.C. Gen. Stat. § 44A-18(1)-(4) (2004). However, section 44A-34 states that "this Article shall not be construed as making the provisions of Articles 1 and 2 of Chapter 44A of the General Statutes apply to public bodies or public buildings." *Id.* We conclude that the trial court properly dismissed this claim as to the Board. In contrast, Mecklenburg is not a public body, and plaintiff sought a lien against funds, not the public building itself, and we find nothing in the Act which would exclude a private general contractor from the provisions of Article 2. Accordingly, we conclude that the trial court erred in dismissing plaintiff's claim III for a lien on funds against Mecklenburg. Plaintiff also argues that it was entitled to an equitable lien against both defendants. However, an equitable lien is available only where a party has no adequate remedy at law. *Embree Const. Group, Inc., v. Rafcor, Inc.*, 330 N.C. 487, 491, 411 S.E.2d 916, 920 (1992). Here, plaintiff had claims against Tharpe's and Tharpe, has a pending contract claim against Mecklenburg, as assignee of Tharpe's, has recovered funds from the Virginia Treasury, and has claims through the state receivership action for the surety. Thus, we conclude that the trial court did not err in dismissing plaintiff's claim for an equitable lien.

Plaintiff next argues that the trial court erred in dismissing its claim, count VIII, that the Board violated its duty of reasonable care to require a payment bond for the protection of subcontractors through the life of the project. As discussed earlier, plaintiff has no civil remedy against the Board for its violation of the duty to maintain a bond. N.C. Gen. Stat. § 44A-32. We overrule this assignment of error.

[6] In its final argument, plaintiff asserts that the trial court erred in dismissing count IV of its complaint, its claim in *quantum meruit* against the Board and Mecklenburg. As previously discussed, we conclude that plaintiff has no civil remedy against the Board in this action. However, we conclude that the trial court erroneously dismissed plaintiff's *quantum meruit* claim against Mecklenburg. Plaintiff alleges that Mecklenburg has been unjustly enriched because it received the benefit of the services and materials it provided. "An implied contract rests on the equitable principle that one should not be allowed to enrich himself unjustly at the expense of another and on the principle that what one ought to do, the law supposes him to have promised to do." *Orange County Water and Sewer Authority v. Town of Carrboro*, 58 N.C. App. 676, 683, 294 S.E.2d 757, 761 (1982). "To recover in *quantum meruit*, a plaintiff must show that (1) services were rendered to the defendant; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously." *Wing v. Town of Landis*, 165 N.C. App. 691, 693, 599 S.E.2d 431, 433 (2004). Here, it is undisputed that there was no express contract between plaintiff and Mecklenburg, that plaintiff rented and serviced equipment for grading the school site, and that plaintiff has not been paid. We conclude that plaintiff has alleged a *prima facie* case for recovery in quantum meruit and that the trial court should not have dismissed this claim pursuant to Rule 12(b)(6).

[7] Finally, we must address defendants' cross-assignments of error. The Board and Mecklenburg argue that the trial court erred in denying their Rule 41(b) motions to dismiss for failure to prosecute. We disagree. Plaintiff originally filed its action in March 2002 and subsequently obtained ten alias and pluries summons between the original filing and October 2003. The Board and Mecklenburg moved to dismiss for failure to prosecute pursuant to N.C. Rule. Civ. P. 41(b). N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). The trial court denied these motions, finding that "although the delay in service of the Complaint was substantial and unusual, the delay was not deliberate or for an improper motive or purpose and no material prejudice was caused to either [defendant] . . . and therefore, both the Defendants' Motions to

**WEST DURHAM LUMBER CO. v. MEADOWS**

[179 N.C. App. 347 (2006)]

Dismiss pursuant to Rule 41(b) should be denied." It is well-established that dismissal under Rule 41(b) is left to the sound discretion of the trial court. *Smith v. Quinn*, 91 N.C. App. 112, 114, 370 S.E.2d 438, 439 (1988), *rev'd on other grounds*, 24 N.C. 316, 378 S.E.2d 28 (1989). Furthermore, dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion. *Jones v. Stone*, 52 N.C. App. 502, 505, 279 S.E.2d 13, 15, *cert. denied*, 304 N.C. 195, 285 S.E.2d 99 (1981). Here, our review of the record and transcript indicates that the court considered that plaintiff was engaged in settlement discussion and document gathering, and we conclude that the court's decision not to dismiss for failure to prosecute was not an abuse of discretion.

Affirmed in part; reversed in part and remanded.

Judges LEVINSON and JACKSON concur.