IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-852

Filed: 7 April 2020

Wake County, No. 18 CVS 2501

SHIRLEY VALENTINE, ADMINISTRATOR OF THE ESTATE OF SHANYE JANISE ROBERTS, DECEASED, Plaintiff,

v.

STEPHANIE SOLOSKO, PA-C; NEXTCARE URGENT CARE; NEXTCARE, INC.; NEXTCARE, INC. D.B.A. NEXTCARE URGENT CARE; MATRIX OCCUPATIONAL HEALTH, INC. and MATRIX OCCUPATIONAL HEALTH, INC. D.B.A. NEXTCARE URGENT CARE, Defendants.

Appeal by Defendants from order entered 18 March 2019 by Judge Allen Baddour in Wake County Superior Court. Heard in the Court of Appeals 4 February 2020.

> *The Law Office of Thomas E. Barwick, PLLC, by Thomas E. Barwick, for Plaintiff-Appellee.*
>
> *Lewis Brisbois Bisgaard & Smith, LLP, by Carrie E. Meigs and Justin G. May, for Defendants-Appellants.*

COLLINS, Judge.

Defendants appeal from an order granting Plaintiff's motion for an extension of time to serve the summons and complaint and denying Defendants' motions to dismiss and for judgment on the pleadings. Defendants argue that the trial court erred in its application of Rules 4 and 6 of the North Carolina Rules of Civil Procedure. Because a trial court is afforded discretion under Rule 6(b) to

retroactively extend the time for service of process of a dormant summons under Rule 4(c) upon a finding of excusable neglect, we discern no legal error by the trial court. Accordingly, we affirm the trial court's order.

## I. Procedural History

Plaintiff, Shirley Valentine, the administrator of the estate of her deceased daughter Shanye Janise Roberts, filed a lawsuit in 2015 alleging medical malpractice and wrongful death against Stephanie Solosko, PA-C; NextCare Urgent Care; NextCare, Inc.; NextCare, Inc. D.B.A. NextCare Urgent Care; Matrix Occupational Health, Inc.; and Matrix Occupational Health, Inc. D.B.A. NextCare Urgent Care (collectively "Defendants"). The action arose out of medical care that Defendants provided to the deceased on 10 April 2013. The trial court extended the statute of limitations to 7 August 2015 pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure. Plaintiff voluntarily dismissed the lawsuit without prejudice on 24 February 2017.

Plaintiff timely filed a second lawsuit on 23 February 2018 and the Clerk of Court issued summonses ("the original summonses") for all Defendants on that day. Plaintiff served the original summonses on defendant Solosko on 15 May 2018 and the other defendants on 17 May 2018 (eighty-one and eighty-three days, respectively, after the original summonses were issued). Plaintiff filed an affidavit of service of process on 15 June 2018, including the returned registry receipts as exhibits.

Plaintiff sued out alias or pluries summonses[1] for all Defendants on 23 May 2018, eighty-nine days after the original summonses were issued. Plaintiff did not serve these alias or pluries summonses on Defendants.

On 19 July 2018, Defendants filed an answer and a motion to dismiss on the following grounds: lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and the action being time-barred by the statute of limitations. Defendants also filed a motion for judgment on the pleadings.

Plaintiff sued out alias or pluries summonses again on 22 August 2018, ninety-one days after issuance of the previous alias or pluries summonses. Plaintiff did not serve these alias or pluries summonses. On 28 September 2018, Plaintiff filed a motion to extend time to issue, file, and serve the summonses, the alias or pluries summonses, and the complaint.

After conducting a hearing, the trial court entered an order granting Plaintiff's motion for extension of time for service of the summonses and complaint, and denying Defendants' motions to dismiss and for judgment on the pleadings. Defendants filed notice of appeal.

---

[1] North Carolina Rule of Civil Procedure 4 appears to use the terms "alias or pluries summons" and "alias and pluries summons" interchangeably, as do our courts. Throughout this opinion, we use the term "alias or pluries summons."

## II. Appellate Jurisdiction

The trial court's order does not dispose of all claims and all defendants, and is thus an interlocutory order. N.C. Gen. Stat. § 1A-1, Rule 54(a) (2019); *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). There is generally no right to immediate appeal of an interlocutory order—although immediate appeal may be permitted if the trial court certifies the order under N.C. Gen. Stat. § 1A-1, Rule 54(b), or if the appellant can show that the order affects a substantial right—because most interlocutory appeals tend to hinder judicial economy by causing unnecessary delay and expense. *Love v. Moore*, 305 N.C. 575, 580, 291 S.E.2d 141, 145-46 (1982).

Here, the trial court could not certify the order pursuant to Rule 54(b) because "there has been no adjudication as to any claim(s) or part(ies) within the meaning of Rule 54(b)." *Howze v. Hughes*, 134 N.C. App. 493, 495, 518 S.E.2d 198, 199 (1999). Moreover, contrary to Defendants' argument that the order affects a substantial right under N.C. Gen. Stat. § 1-277(b), which allows "the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[,]" our courts have routinely held that that section 1-277(b) is limited to rulings on minimum contacts questions, and does not apply to rulings based on procedural issues regarding issuance or service of process, such as the order at issue in this case. *See Berger v. Berger*, 67 N.C. App. 591, 595, 313 S.E.2d 825, 829 (1984). Nonetheless, "because the case *sub judice* is one of those exceptional cases where

judicial economy will be served by reviewing the interlocutory order, we will treat the appeal as a petition for a writ of certiorari and consider the order on its merits." *Carolina Bank v. Chatham Station, Inc.*, 186 N.C. App. 424, 428, 651 S.E.2d 386, 389 (2007) (citations omitted); N.C. R. App. P. 21(a)(1).

## III. Discussion

The central question is whether the trial court may, upon a showing of excusable neglect, grant an extension of time under these facts to serve a dormant summons where a second alias or pluries summons was obtained ninety-one days after the previous alias or pluries summons.

Plaintiff argues that *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 367 S.E.2d 655, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988), and its progeny control the outcome here. Conversely, Defendants contend that Plaintiff's failure to timely obtain the second alias or pluries summons effectively discontinued the action, as was the case in *Dozier v. Crandall*, 105 N.C. App. 74, 411 S.E.2d 635 (1992).

Rule 4 governs service of process. *See* N.C. Gen. Stat. § 1A-1, Rule 4 (2019). Upon the filing of a complaint, summons shall be issued within five days. *Id.* at § 1A-1, Rule 4(a). Rule 4(c) requires that a summons be served within sixty days of issuance. *Id.* at § 1A-1, Rule 4(c). A summons not served within sixty days "loses its vitality and becomes *functus officio*, and service obtained thereafter does not confer

jurisdiction on the trial court over the defendant. However, although a summons not served within [sixty] days becomes dormant and unserveable, under Rule 4(c) it is not invalidated nor is the action discontinued." *Dozier*, 105 N.C. App. at 75-76, 411 S.E.2d at 636 (citations omitted).

If the summons is not served within sixty days of issuance, Rule 4(d) permits the action to be continued in existence by an endorsement from the clerk or issuance of an alias or pluries summons within ninety days of the issuance of the preceding summons. N.C. Gen. Stat. § 1A-1, Rule 4(d). Any such alias or pluries summons must be served within sixty days of issuance. *See Lemons*, 322 N.C. at 275, 367 S.E.2d at 657.

When there is neither an endorsement nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant who was not served with summons within the time allowed. N.C. Gen. Stat. § 1A-1, Rule 4(e). Thereafter, endorsement may be obtained or alias or pluries summons may issue, but, as to any defendant who was not served with summons within the time specified in Rule 4(d), the action shall be deemed to have commenced on the date of such issuance or endorsement. *Id.*

"Rule 4 . . . must be interpreted in conjunction with Rule 6, which addresses the computation of any time period prescribed by the Rules of Civil Procedure." *Lemons*, 322 N.C. at 275, 367 S.E.2d at 657. Rule 6 provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.

N.C. Gen. Stat. § 1A-1, Rule 6 (2019).

In *Lemons*, our North Carolina Supreme Court concluded that Rule 6 permitted the trial court to grant an extension of time to serve a dormant summons, and thus revive it, where the alias summons was served on the defendant after the time for service of process under Rule 4(c) had expired. *Lemons*, 322 N.C. at 277, 367 S.E.2d at 658. The plaintiff commenced an action against the defendant on 6 February 1986. A summons was also issued that day but was not served. An alias summons was issued on 2 May of that year and was served on 5 June, more than thirty days[2] after its issuance. On 13 October 1986, the plaintiff filed a motion for retroactive extension of time, nunc pro tunc, from 2 June until 6 June to serve the alias summons. Construing Rule 4 in para materia with Rule 6(b), the Court determined that the General Assembly, by adopting Rule 6(b), gave trial courts the authority to extend the time provided in Rule 4(c) to serve a summons upon a finding

---

[2] At the time the summons was issued in this case, Rule 4(c) required process to be served within thirty days. At the time the instant action was commenced, the time allowed under Rule 4(c) was sixty days.

of excusable neglect, and thus to "breathe new life and effectiveness into [a dormant summons] retroactively after it has become *functus officio*." *Id.* at 274-75, 367 S.E.2d at 657. The Court concluded that Rule 6 permitted an extension of time to serve a dormant summons and thus revive it where the alias summons was served on the defendant after the time for service of process under Rule 4(c) had expired. *Id.* at 277, 367 S.E.2d at 658.

Applying *Lemons* in *Hollowell v. Carlisle*, 115 N.C. App. 364, 444 S.E.2d 681 (1994), this Court concluded that Rule 6 permitted the trial court to grant a plaintiff an extension of time to serve a dormant summons where *no* alias or pluries summons was obtained. *Id.* at 368, 444 S.E.2d at 683. The defendant was served with the original summons and complaint sometime between sixty-eight and ninety days after issuance of the summons. Since the defendant "was served with a *dormant* summons within the 90-day limit," this Court held that "the trial court had the authority pursuant to the language of Rule 6(b) to extend the time for service of process under Rule 4(c), 'to permit the act to be done where the failure to do the act was the result of excusable neglect.'" *Id. See also Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 761, 606 S.E.2d 407, 410 (2005) ("The instant case is factually identical to *Lemons*. The alias and pluries summons became dormant after sixty days, prior to plaintiffs' effectuating service on 20 November 2002, but before the expiration of the summons on 27 November 2002. The summons was merely dormant at the time of service; it

had not expired and the trial court had the discretion to retroactively extend the time for service of the alias and pluries summons.").

By contrast, in *Dozier*, this Court distinguished *Lemons* and concluded that Rule 6(b) does not allow a party to continue an action beyond the ninety-day period specified in Rule 4(e). *Dozier*, 105 N.C. App. at 77-78, 411 S.E.2d at 637-38. In *Dozier*, the plaintiff filed an action on 15 March 1990 alleging personal injuries. A summons was issued on that day but returned unserved twelve days later. Ninety-two days after the issuance of the original summons, an alias or pluries summons was issued; it was returned unserved eleven days later. The defendant accepted service on 20 August 1990 and filed a motion for judgment on the pleadings asserting the three-year statute of limitations. The plaintiff moved pursuant to Rule 6 to extend the period for issuance of the alias or pluries summons.

The Court explained that under *Lemons*, a trial court, pursuant to Rule 6, may in its discretion and upon a finding of excusable neglect extend the time provided in Rule 4(c) to serve a dormant summons and thus revive it. *Id.* *Lemons* did not control, however, because the action before the *Dozier* Court had been *discontinued*. The Court explained:

> Rule 4(e) specifically provides that where there is neither endorsement nor issuance of alias or pluries summons within 90 days after issuance of the last preceding summons, the action is discontinued as to any defendant not served within the time allowed and treated as if it had never been filed. Under Rule 4(e), either an extension can

be endorsed by the clerk or an alias or pluries summons can be issued after the 90 days has run, but the action is deemed to have commenced, as to such a defendant, on the date of the endorsement or the issuance of the alias or pluries summons. Thus, when plaintiff failed to have this action continued through endorsement or issuance of alias or pluries summons within 90 days, this action was discontinued.

*Id.* at 78, 411 S.E.2d at 638 (internal quotation marks, emphasis, and citations omitted).

Accordingly, "[w]hile Rule 6 under the *Lemons* case gives the trial court discretion upon a showing of excusable neglect to permit *an act* to be done," the Court found "no authority in the rule or in *Lemons* to overrule the express language of Rule 4(e) as to the effect of failing to have an endorsement or alias or pluries summons issued 'within the time specified in Rule 4(d) . . . .'" *Id.*

*Lemons* and its progeny control this case, while *Dozier* involves a factual situation which materially differs from that presented here. Unlike the defendant in *Dozier* who was served some five months after the original summons was issued with an alias summons that was issued outside the ninety-day time period prescribed by Rule 4(d), Defendants in this case were served with the original summonses eighty-one and eight-three days after issuance of the summonses. As in *Hollowell*, Defendants were served with dormant summonses within the ninety-day limit prescribed by Rule 4(d). Under *Lemons*, the trial court had the authority under Rule 6(b) to extend the time provided in Rule 4(c) to serve the summonses upon a finding

of excusable neglect, and thus to "breathe new life and effectiveness" into the dormant summonses retroactively after they had become *functus officio*. *Lemons*, 322 N.C. at 274-75, 367 S.E.2d at 657. Accordingly, "the trial court had the authority pursuant to the language of Rule 6(b) to extend the time for service of process under Rule 4(c), 'to permit the act to be done where the failure to do the act was the result of excusable neglect.'" *Hollowell*, 115 N.C. App. at 368, 444 S.E.2d at 683.

As the trial court found that Plaintiff's service of the original summonses outside the sixty-day period prescribed in Rule 4(c) was a result of excusable neglect,[3] and the trial court had the authority to invoke its discretion to retroactively extend the time for Plaintiff to serve the summonses and complaint to 23 May 2018 and to explicitly deem service of process timely under Rule 4, the trial court did not err in granting Plaintiff's motion for an extension of time to serve the summonses and complaint.[4] Moreover, as service of process was deemed timely under Rule 4, the trial court obtained personal jurisdiction over Defendants. *See Fender v. Deaton*, 130 N.C.

---

[3] This finding is not challenged and is thus binding upon us. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). The trial court's finding that Plaintiff's failure to renew the alias or pluries summons resulted from excusable neglect is not germane to this appeal, as the trial court did not extend the time for suing out the second alias or pluries summons.

[4] The trial court also found that "Plaintiff's failure to renew her Alias and Pluries Summons prior to the hearing of these Motions were the result of excusable neglect." To the extent the trial court's order granting "Plaintiffs Motion to Extend the Time to Issue[], File and Serve Summonses and Complaint" allowed Plaintiff an extension of time to renew her Alias and Pluries Summons, such extension was erroneous under *Dozier*. *See Dozier*, 105 N.C. App. at 78, 411 S.E.2d at 638 (There is "no authority in the rule or in *Lemons* to overrule the express language of Rule 4(e) as to the effect of failing to have an endorsement or alias or pluries summons issued 'within the time specified in Rule 4(d) . . . .'").

App. 657, 659, 503 S.E.2d 707, 708 (1998) ("[I]t is well established that a court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily defined methods."). Accordingly, Plaintiff's action was not barred by the statute of limitations. Thus, the trial court did not err by denying Defendants' motions to dismiss and for judgment on the pleadings.

## IV. Conclusion

Because the trial court had the authority to exercise discretion under Rule 6(b) to extend the time for Plaintiff to serve dormant summonses under Rule 4(c) upon a finding of excusable neglect, we discern no legal error by the trial court. Accordingly, we affirm the trial court's order.

AFFIRMED.

Judges STROUD and BERGER concur.